**In re Frances M. BYSTREK, Debtor.**

**Bankruptcy No. 81–04734K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 3, 1982.

Stokes E. Mott, Jr., S. Simpson Gray, Philadelphia, Pa., for debtor.

Jay E. Kivitz, Philadelphia, Pa., for Federal National Mortgage Association.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for reconsideration filed by counsel for the debtor requesting the Court to reconsider

an order granting relief from the automatic stay imposed by the Bankruptcy Code 11 U.S.C. § 362. For the reasons set forth in this Opinion, the Court will deny reconsideration and will not amend the Order.[1]

The case presents an extremely troubling and all too common set of facts. Because of the disturbing nature of the situation presented by the case, a detailed explanation of the facts is necessary.

On February 19, 1981, a chapter 13 petition was filed on the debtor's behalf by her counsel. A complaint for relief from the automatic stay was filed on July 20, 1981 by the Federal National Mortgage Association, which holds the first mortgage on the debtor's residence. The complaint alleges that the petition was filed one (1) day before a sheriff's sale scheduled for February 20, 1981. The debtor, at the time of filing of the complaint, was allegedly seventeen (17) months in arrears on her mortgage and had failed to make payments to the trustee as required by her chapter 13 plan. Neither the debtor nor her counsel saw fit to answer the complaint. Judgment by default was entered on August 18, 1981.

Subsequently, the trustee filed a motion to dismiss the chapter 13 petition for failure to make the payments required by the plan. This motion was filed on August 27, 1981. No answer was filed to oppose the trustee's motion. The case was dismissed on September 12, 1981.

On November 18, 1981, a new chapter 13 petition was filed by the debtor's attorney. By the strangest coincidence, the petition was filed only two (2) days before a scheduled sheriff's sale of the debtor's property. By Order of this Court, dated November 19, 1981, the Court ruled that the automatic stay normally imposed by the filing of a petition[2], did not apply to the sheriff's sale scheduled for November 20, 1981. The Court determined that the Order granting relief from the stay in the adversary proceeding in the prior case was *res judicata*.

The Court entered an Order on November 24, 1981 directing the debtor and her counsel to show cause that the petition filed on November 18, 1981 was not filed solely for the purpose of delay as a fraud upon the Court and to show cause why debtor and her counsel should not be held in contempt of Court for their actions.

On November 30, 1981, debtor's counsel filed a motion in opposition to the contempt and requesting that the automatic stay be re-instated and the sheriff's sale be set aside. At the hearing on December 16, 1981, the Court denied the motion and found counsel for the debtor, Stokes E. Mott, Esquire, to be in Contempt of Court. Counsel was fined $356.25, which sum was awarded to counsel for the mortgagee as a reasonable attorney's fee. The award of this compensation was predicated on the fact that the fraudulent and vexatious behavior of the debtor's counsel forced the plaintiff's attorney to render a great deal of extra service to his client.

Mr. Mott filed a motion for reconsideration of this Court's Order on January 15, 1982. A hearing on the motion was held on February 4, 1982. The Court heard argument and reserved decision on the matter.

The troubling aspect of this case is that debtor's counsel seems to believe that Bankruptcy Court is a legal playground where the debtor can indulge in an elaborate game of catch-me-if-you-can with her creditors. Such is not the case. Although the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility. As a member of the bar and an officer of the Court, counsel especially should be aware of this fact. The game attempted in this case cannot be permitted.

■ Once relief from the stay is properly granted, the mortgagee is entitled to proceed with foreclosure proceedings. The debtor cannot capriciously and vexatiously stall the creditor from exercising the rights, which have been obtained though extensive

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 11 U.S.C. § 362(a).

litigation in both federal and state court. The Order granting relief from the stay is determinative of the issue.

■ Counsel for the debtor denies that such an Order is *res judicata.* To quote from this motion:

5. While it is true that the said dismissal followed the entry of an Order lifting the automatic stay, pursuant to Section 362 of the Bankruptcy Code, that decision granting a lifting of the stay, upon information and belief, was *not* on the merits, and therefore cannot be *res judicata,* as to the merits of the case.

6. The second Chapter 13 petition was filed as a result of this Honorable Court's lifting the Automatic Stay, in a vain attempt to preserve the debtor's homestead and to permit her an opportunity to pay the mortgage arrears and post-1st petition payments.

8. As the debtor's attorney, your affirmant was duty bound to take every reasonable and possible step to protect the interest of the debtor. Since the lifting of the automatic stay was upon a default judgment, and not the merits, and since the property was not sold before the petition was dismissed by this Honorable Court, the debtor was free to refile for the purpose of protecting her property.

Paragraph 6 quoted above, admits that the present Chapter 13 petition was filed in an attempt to stay a properly brought sheriff's sale. By filing the new petition, the debtor sought to re-impose the stay of lien enforcement provided by Section 362(a) of the Bankruptcy Code. The conduct of the debtor and her counsel cannot be condoned. It is a fraud upon the creditor and an affront to the integrity of the Court.

Paragraph 8, which is quoted above also, demonstrates the vacuum of reasoning in which counsel for the debtor operates. If, indeed, the default judgment was not *res judicata,* a case for relief from the stay need never be tried in a Chapter 13 proceeding. The debtor would be better served by allowing judgment by default to be entered. Once the default judgment was entered, the case would be voluntarily dismissed under § 1307(b) or payments to the trustee could be halted. In either fashion, the end result would be the same. The case would be dismissed. When the creditor commenced action to collect his debt, a new petition would be filed and the automatic stay re-imposed, thereby thwarting the creditor from the exercise of legitimate rights. A new complaint would have to be filed and the merry game could begin all over again.

To even suggest that the farcical process described in the preceding paragraph is the intent and spirit of the Bankruptcy Code is utterly ridiculous. The reasoning expressed by counsel for the debtor is without foundation in common sense.

Counsel for the debtor, likewise, has no foundation for his case in the law. In paragraph 5, quoted previously, and in the motion for reconsideration, counsel asserts that a default judgment is not a decision on the merits and, therefore, a judgment entered by default has no *res judicata* effect. This conclusion, however, has no foundation in the law of the Third Circuit.

■ A default judgment is as conclusive as that which is rendered after an answer and full trial. *Somportex v. Phila. Chewing Gum Corp.,* 453 F.2d 435 (3rd Cir. 1971); *cert. denied,* 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479. The *res judicata* effect of a default judgment prevents either party from relitigating the same cause of action. *In re McMillan,* 579 F.2d 289 (3rd Cir. 1978). Judgment by default is conclusive between the parties as to the cause of action upon which the judgment is based. *In re Roloff,* 598 F.2d 783 (3rd Cir. 1979). The key factors are that there be notice and an opportunity to be heard. If these elements are present, the *res judicata* effect of a default judgment cannot be attacked. *Somportex, supra.*

On the basis of these well-established authorities the motion for reconsideration will be denied.