**In re Mary E. JOHNSON.**

**No. CV 82–2384.**

United States District Court,
E.D. New York.

Dec. 2, 1982.

Philip Irwin Aaron, P.C., Jericho, N.Y., for Vanguard Holding Corp.; Stuart Gelberg, Jericho, N.Y., of counsel.

Norman M. Mendelson, Carle Place, N.Y., for appellant.

*Memorandum of Decision and Order*

MISHLER, District Judge.

The present action is an appeal from a decision of the United States Bankruptcy Court, Eastern District of New York, dated July 21, 1982. The debtor appeals from an adverse verdict at a confirmation hearing held before Bankruptcy Judge Parente on July 20, 1982.

The facts are relatively simple and are not disputed. Mary Johnson, the debtor, resides at 140 Cove Street, Massapequa, New York. Vanguard Holding Corp., appellee in this action, holds a purchase money mortgage on her home dated October 3, 1979. Since May of 1981, Ms. Johnson has continuously been in default on the mortgage.

On December 7, 1981, Ms. Johnson filed a Chapter 13 petition in bankruptcy. Debtor's plan was confirmed on February 3, 1982. Under that plan, Vanguard was to be paid its arrears within 10 days. No payments were made and the petition was subsequently dismissed on March 1, 1982. No appeal was taken. Vanguard moved to foreclose by summons and complaint dated April 12, 1982, and the debtor filed another petition under Chapter 13 on May 5, 1982. It is from the denial of confirmation on this second petition that the debtor now appeals.

We must first dispose of appellee's motion to dismiss this appeal on the ground that it is untimely. Debtor's notice of appeal incorrectly states that appeal is taken from a decision of the bankruptcy court dated June 21, 1982, instead of July 21, 1982, the correct date. Appellee's counsel devoted his entire three-page affirmation as well as his full oral presentation to the argument that this appeal is untimely brought despite his knowledge that Judge Parente granted appellee's motion orally on July 20, 1982 and by written order on July 21, 1982. While not condoning appellant's carelessness, we nonetheless reject appellee's contention that the appeal is therefore untimely. Such a view would unduly exalt form over substance, and is inconsistent with the avowed purposes of the Federal Rules of Civil Procedure that "[t]hey shall be construed to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1.

To proceed to the merits, this appeal turns upon an interpretation of U.S.C. 11 § 1325(a) which reads in pertinent part:

"The court shall confirm a plan if ... (3) the plan has been proposed in good faith." Case law provides little guidance as to whether a repetitive filing is proposed in "good faith" within the meaning of the Bankruptcy Code. Appellant has, however, cited us to a case which is instructive. In *In re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa. 1982), a Chapter 13 petition was filed on February 19, 1981 and subsequently dismissed on September 12 for failure to make payments. The court, in *Bystrek* stated:

> On November 18, 1981, a new chapter 13 petition was filed by the debtor's attorney. By the strangest coincidence, the petition was filed only two (2) days before a scheduled sheriff's sale of the debtor's property....

> The troubling aspect of this case is that debtor's counsel seems to believe that Bankruptcy Court is a legal playground where the debtor can indulge in an elaborate game of catch-me-if-you-can with her creditors. Such is not the case. Although the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility. As a member of the bar and an officer of the Court, counsel especially should be aware of this fact. The game attempted in this case cannot be permitted....

> [Debtor's motion] admits that the present Chapter 13 petition was filed in an attempt to stay a properly brought sheriff's sale. By filing the new petition, the debtor sought to re-impose the stay of lien enforcement provided by Section 362(a) of the Bankruptcy Code. The conduct of the debtor and her counsel cannot be condoned. It is a fraud upon the creditor and an affront to the integrity of the Court.

17 B.R. at 895–96. Evidently, the Bankruptcy Judge below in the instant case was of the same convictions. Judge Parente made the following comments to debtor's counsel:

> THE COURT: Can you tell me how this conceivably can be a good faith filing? You fail in one Plan before one Judge, and you go to another Judge to file again .... this debtor made no attempt whatsoever to pay. She abused the system and you knew that, and you are back again.... [She had] no right to flaunt or abuse the intent of the law or the intent of Congress. It is not the intent of Congress that if you fail to confirm, to merely try and try again.

Tr. at 4–5.

Although the case before us does not involve a scheduled sale of debtor's property as in *Bystrek,* nonetheless we find the reasoning therein persuasive. The instant debtor failed to adhere to a confirmed plan, and then, close upon the heels of a foreclosure action, filed another petition.

We affirm the bankruptcy court's conclusion that debtor's instant petition was not filed in good faith. It is not material here whether such conclusion is characterized as a finding of fact or a conclusion of law. On appeal from a decision of the bankruptcy court, this court must accept the bankruptcy court's finding of fact unless such findings are clearly erroneous. Rule 810, Fed.R.Bankr.P., 11 U.S.C.A. We hold that Judge Parente's conclusion is not clearly erroneous. Alternatively we find such conclusion is amply supported as a question of law. *See Bystrek, supra.* The decision appealed from is affirmed, and it is

SO ORDERED.