PER CURIAM:
 

 This appeal involves successive Chapter 13 bankruptcy petitions, the filing of which raises an issue of the debtor’s “good faith.” On March 21, 1983, this court stayed the scheduled sale of Mary Johnson’s Massape-qua, New York, residence pending appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, Judge, 27 B.R. 559, affirming Bankruptcy Judge Parente’s dismissal with prejudice of Johnson’s second Chapter 13 bankruptcy petition on the ground that it was not filed in good faith. We expedited the appeal and conditioned the stay on Johnson’s paying Vanguard the monthly sum of $647. We reverse the district court, and remand with instructions to the bankruptcy court to make further findings in accordance with our opinion below. We
 
 *867
 
 continue the condition: understanding that the April payment has been made, we order that Johnson shall pay Vanguard the monthly sum of $647 on or before the fifteenth day of each month pending final resolution of this matter, in the absence of which her petition should be dismissed with prejudice.
 

 Vanguard Holding Corp. holds a security interest in Mary Johnson’s home by virtue of a 1979 purchase money mortgage.
 
 [1]
 
 On May 1, 1981, Johnson defaulted. Collection efforts were unsuccessful. On December 7, 1981, Johnson filed a Chapter 13 plan, which called for cure of the default in thirty-six monthly installments of $188.89, including 12% interest.
 
 [2]
 
 Bankruptcy Judge Hall confirmed Johnson’s first plan on February 3,1982, but the debtor failed to make any payments under it. Vanguard therefore applied for dismissal of the plan, and properly notified Johnson, who, though represented by counsel, did not respond in any fashion to the motion, which was granted on March 1,1982. After Vanguard accelerated the mortgage and scheduled foreclosure proceedings in state court, Johnson, through the attorney who represented her in the first proceeding, filed a second Chapter 13 plan on May 5, 1982.
 
 [3]
 
 Vanguard moved to deny confirmation and to dismiss tbe plan or convert it to a Chapter 7 case, pursuant to 11 U.S.C. § 1307(c).
 
 [4]
 
 At the hearing on this motion, Bankruptcy Judge Párente did not receive proffered testimony from Mary Johnson, who was present, as to a change in circumstances going to the issue of her good faith in filing a second bankruptcy plan. Although counsel made no formal offer of proof for the record, he stated that Mrs. Johnson was available to testify that she was unable to comply with the February, 1982, confirmed plan because she had lost her job and because she was caring for her ill mother. Judge Párente, not concerned with the alleged change of circumstances, commented that when a debtor makes no attempt to pay under a confirmed plan, a second filing is an abuse of the bankruptcy system. He therefore granted Vanguard’s motion, stating: “This is not a good faith filing. The arrears are in excess of eight thousand dollars .... To extend the payment for thirty-six months is not appropriate, nor equitable.”
 

 A bankruptcy court must confirm a debtor’s filed Chapter 13 plan if the statutory six factors exist,
 
 [5]
 
 including a finding
 
 *868
 
 that “the plan has been proposed in good faith and not by any means forbidden by law.” 11 U.S.C. § 1325(a)(3). Judge Pár-ente appears to have concluded that a second filing of a plan under Chapter 13 is a per se violation of the good faith requirement. We note, however, that nothing in the statutory language of the Bankruptcy Act of 1978 precludes repetitive filings. We agree with other circuit courts of appeals that where the statute is silent, courts should not read into the Act any per se limitations or requirements in respect to “good faith” that Congress did not enact.
 
 See, e.g., Deans v. O’Donnell,
 
 692 F.2d 968, 969-72 (4th Cir.1982);
 
 Barnes v. Whelan,
 
 689 F.2d 193, 198-200 (D.C.Cir.1982);
 
 In re Rimgale,
 
 669 F.2d 426, 431-33 (7th Cir. 1982).
 

 “Good faith,” while not defined by statute or legislative history,
 
 see
 
 5 Collier on Bankruptcy ¶ 1325.01[2][C] (15th ed. 1982), certainly does, however, require “honesty of intention,”
 
 Barnes v. Whelan,
 
 689 F.2d at 200, in the sense of focusing on the debtor’s conduct in the submission, approval, and implementation of a Chapter 13 bankruptcy plan.
 
 Id.
 
 at 197-200;
 
 see also In re Goeb,
 
 675 F.2d 1386, 1389-91 (9th Cir.1982). The
 
 Goeb
 
 court held that a good faith determination requires a bankruptcy court to “inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner.” 675 F.2d at 1390. It is an absence of these determinations that requires us to remand this case for findings of fact. The Bankruptcy Judge should determine whether Johnson had a bona fide change in circumstances that justified both her default on her first plan and her second filing. The judge is of course not precluded from considering all events that have occurred during the pendency of this litigation.
 

 Lest this decision be interpreted as a judicial endorsement of successive filings, however, we point out that Congress did provide a statutory mechanism for modifying a confirmed Chapter 13 bankruptcy plan in just such circumstances as Johnson allegedly suffered. Section 1329 of Title 11 U.S.C. permits reducing the amount of payments, extending the time for payments, or even changing the amount due a particular creditor, on proper petition and showing. As the legislative history makes clear, if problems such as a long-term layoff or family illness and medical bills make execution of a confirmed plan impracticable, the Act even permits a temporary moratorium on payments. H.R.Rep. No. 595, 95th Cong., 2d Sess. 125,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6086. There is no doubt that Johnson’s counsel ignored this statutory modification process; instead, after default on the first repayment plan, he did not oppose its dismissal, and then refiled close on the heels of the foreclosure proceeding. We do not read § 1329, however, as necessarily foreclosing second filings, although in a change of circumstances such as alleged here it is obviously the more appropriate procedure. Further, we are unwilling that Johnson be penalized for any neglect of counsel in failing to appear in opposition to Vanguard’s motion to dismiss the first plan, and to argue for modification of that plan under the § 1329 provisions. Since the Act is new, our view is more flexible than it might be in future cases.
 

 In re Bystrek,
 
 17 B.R. 894 (Bkrtcy.E.D.Pa.1982), relied on by the district court in affirming Judge Parente’s dismissal of Johnson’s second Chapter 13 plan, is authority for the general proposition that a debtor may not file a second plan in order to defraud a creditor mortgagee or to manipulate judicial process. With that proposition we surely agree, but without findings of
 
 *869
 
 fact, this court cannot tell whether Johnson and her counsel are playing games or filing a bona fide plan that must be confirmed if it meets all six requirements of 11 U.S.C. § 1325. Accordingly, we remand for expeditious hearing by the Bankruptcy Judge.
 

 Reversed and remanded; mandate to issue forthwith; no costs to either party.
 

 [1]
 

 . The November 3, 1979 loan of $43,950 has expanded because Vanguard evidently has paid over $14,000 in taxes and insurance on the property.
 

 [2]
 

 . The current mortgage payment of $647 per month was to be paid in full outside the plan.
 

 [3]
 

 . Parenthetically we note that this court has since then permitted the curing of a mortgage default by deacceleration under a Chapter 13 plan reinstating the original mortgage payment schedule.
 
 See In re Taddeo,
 
 685 F.2d 24 (2d Cir.1982).
 

 [4]
 

 . A second secured creditor, Long Island Trust, withdrew its objection to the second plan when Johnson amended it to show increased rental income. The second proposed plan again called for current mortgage payments to Vanguard in full outside the plan, and “100% payback” of the default including 12% annual interest in 36 monthly installments of $290.65. Johnson calculated the amount in default as $8744.19; Vanguard calculates it as $12,524.32.
 

 [5]
 

 . 11 U.S.C. § 1325(a)(l)-(6) (Supp. V 1981) provides:
 

 (a) The court shall confirm a plan if—
 

 (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
 

 (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
 

 (3) the plan has been proposed in good faith and not by any means forbidden by law;
 

 (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
 

 (5) with respect to each allowed secured claim provided for by the plan—
 

 (A) the holder of such claim has accepted the plan;
 

 (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
 

 
 *868
 
 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
 

 (C) the debtor surrenders the property securing such claim to such holder; and
 

 (6) the debtor will be able to make all payments under the plan and to comply with the plan.