**In re James A. NIMMO and Margaret A. Nimmo, d/b/a Creative Marble, Southwest Door Systems SS# 410–34–9612, Debtors.**

Bankruptcy No. 13–83–01025 ML.

United States Bankruptcy Court,
D. New Mexico.

March 6, 1984.

Jose L. Arrieta, Las Cruces, N.M., for debtors.

Gary B. Ottinger, Albuquerque, N.M., Trustee.

Linda S. Bloom, Las Cruces, N.M., for Windsor Door Co.

MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the motion of Windsor Door Company (Windsor) to dismiss this bankruptcy on the grounds that the petition was not filed in good faith. At the hearing on the motion the Court took judicial notice of the pleadings and schedules in this proceeding, as well as those in 7–83–00320 RL. The Court also admitted portions of depositions of the debtor, subject to the debtor's written objection. Such objection was never made.

The debtors in the instant case filed a Chapter 7 petition in March of 1983 and converted that proceeding to Chapter 13 on

May 11, 1983. No statement of affairs was filed in the Chapter 7; the plan and disclosure statement were untimely filed and the debtors failed to file operating reports on their business, Creative Marble. The Chapter 13 was dismissed by the Honorable Stewart Rose on September 1, 1983, and the debtors filed the instant Chapter 13 proceeding on September 2, 1983. The creditors in the dismissed and instant proceedings are substantially the same, as are the assets. However, the schedules reflect approximately $10,000.00 less in household goods in the instant case and $5,900.00 less in tools of the trade in the instant case. The debtors have failed to explain this $15,-000.00 decrease in value of their estate, a decrease which apparently took place in one day since their schedules in the dismissed proceeding were never amended. The evidence also shows that the debtors' business, Creative Marble, is not operating at a profit, and that except for the month of October debtors have failed to file operating reports for the business.

In determining whether these facts constitute a lack of good faith, this Court relies upon *Furness v. Lilienfield,* 35 B.R. 1006 (D.Md.1983), which thoroughly analyzes the case law interpreting good faith. In that decision, Judge Young set forth several factors which could be found to constitute a lack of good faith on the part of the debtors. These factors are:

1. An intent to abuse the judicial process.

2. The absence of real unsecured debt.

3. The timing of the petition.

4. The reasonable probability of success of the plan.

The only one of these factors which reflects favorably upon the debtors in the instant case is the presence of real, unsecured debt, as shown in their schedules and by the proof of claim filed in the proceedings. As set forth below, the other factors do not suggest abundant, or even sufficient, good faith on the part of these debtors.

First, we will note that there is little evidence that a feasible Chapter 13 plan could be proposed. The obligations of the debtor, whether to be paid within the plan or outside the plan, exceed the income of Mrs. Nimmo and Mr. Nimmo has testified that, despite all past protestations that such would not be the case, the Creative Marble business is operating at a loss. In this context, it must again be stressed that the debtors in violation of the code and rules have failed to file operating reports which might show otherwise. And the Court will note here that the failure to file these reports is, without more, grounds for dismissal of this bankruptcy.

Secondly, the Court must question the timing of the debtors' filing of this petition: at 9:37 am of the day immediately following the dismissal of their first petition. Clearly there were problems with the first petition, and this Court is not impressed with the amount of time taken by the debtors to cure those defects before refiling. That the time so spent was insufficient is demonstrated by the continued presence of those same problems in the latest petition.

Finally, we turn to the abuse of the judicial process as it has been accomplished by the debtors. The factors discussed above are, to some extent, subsets of this consideration, but other of the debtors' actions should be considered here. Mr. Nimmo admitted that he withdraws money from the Creative Marble business if he or his wife fall short of funds for their day-to-day expenses. No records of the amounts or number of such withdrawals exist, in part due to the debtors' failure to file the required operating reports. Mr. Nimmo's testimony at his deposition pursuant to Rule 2004 suggests that the scheduled values of some of their assets may be less than accurate. And the Court also finds that the debtor failed to meet the deadlines for filing schedules or a plan, and in neither case was there a motion, much less a timely motion, for extending the time in which to file those documents. Failure to timely file either the schedule or plan is

grounds for dismissal of this proceeding, were there no other actions by these debtors to which objection could be taken.

■ The conclusion of this Court is that the debtors have, for most of the past year, sought the protection of the Bankruptcy Code and of this Court while consistently refusing to submit to the conco.nmitant authority. Having had one proceeding dismissed for failure to abide by the requirements of the Bankruptcy Code and Rules, they immediately refiled, and again display no inclination to accept the obligations of full disclosure and compliance with statute and code which entitle them to the protection of the law. The debtors have failed, by action or by evidence in the record, to make any showing of good faith, and this Court concludes that this petition was filed in bad faith, with intent to abuse the judicial process.

This proceeding will, therefore, be dismissed with prejudice.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.