**In re Claude BOLTON, Debtor.**

**Bankruptcy No. 884–40392–18.**

United States Bankruptcy Court, E.D. New York.

Sept. 21, 1984.

Norman Mendelson, Carle Place, N.Y., for debtor.

Philip Irwin Aaron, P.C., Jericho, N.Y., for Flushing Federal Savings.

Richard J. McCord, Glen Cove, N.Y., trustee.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Mortgagee, Flushing Federal Savings and Loan ("Flushing Federal"), objects to the confirmation of debtor's Chapter 13 plan on the ground that debtor has not filed his petition in good faith as required under 11 U.S.C. § 1325(a)(3). Flushing Federal contends that debtor's failure to make post-petition mortgage payments and the fact that the instant petition is debtor's third Chapter 13 filing support its conclusion as to debtor's bad faith.

## BACKGROUND

Debtor filed his first petition under Chapter 13 of the Bankruptcy Reform Act of 1978 ("Code") on October 26, 1982. The case was assigned to Bankruptcy Judge Boris Radoyevich. Judge Radoyevich dismissed the petition on January 27, 1983 upon debtor's failure to appear at his confirmation hearing.

Debtor next filed for relief under Chapter 13 on March 22, 1983. The case was again assigned to Judge Radoyevich and the debtor's plan was ultimately confirmed on May 26, 1983. On January 10, 1984, Flushing Federal moved to vacate the automatic stay for debtor's failure to make post-petition payments. The motion was granted on the same date. On February 28, 1984 the debtor withdrew his petition. It is presumed that the withdrawal was predicated on Judge Radoyevich's prior vacatur of the stay.

Debtor filed his current Chapter 13 petition on March 6, 1984, again triggering the automatic stay under § 362(a). At the hearing on confirmation of debtor's plan, Flushing Federal moved to deny confirmation and sought dismissal or conversion of debtor's petition. Alternatively, Flushing Federal requested that it be granted relief from the automatic stay imposed under 11 U.S.C. § 362(a). Counsel for Flushing Federal recited as the factual basis for its motion that debtor was two months in arrears in its post-petition mortgage payments. Additionally, counsel contended that the current petition was not filed in good faith, having been preceded by two previous petitions which were both dismissed.

The standing trustee, Richard McCord, advised the court that he could not recommend confirmation in light of debtor's multiple filings and failure to make post-petition payments.

Debtor argued that a change in circumstances existed which justified his defaults in payments under his second plan.

## DISCUSSION

In the case of *In re Johnson*, 708 F.2d 865, 868 (2d Cir.1983), the Second Circuit held that under the specific facts involved the debtor could file a second petition after a prior petition had been dismissed as a result of a default in payment under the plan, if the debtor could demonstrate "good faith" by proving that there has been a "bona fide change in circumstances [justifying] both [the] default under [the] first plan and [the] second filing." Counsel to the debtor argues that *Johnson* governs the instant case, and that under the test articulated in *Johnson* debtor's second petition should be confirmed.

A careful reading of *Johnson* discloses that the "change in circumstances" rule fashioned therein was implemented not as a hard and fast rule of law but solely to protect a debtor from the consequences of the failure of debtor's attorney to avail himself of the statutory modification process and failure to oppose a creditor's motion for dismissal. The court explained that the test it had devised was predicated upon the resurrection of debtor's rights in the face of counsel's "neglect" and that it should not be construed as a license to practitioners to ignore the statutory framework of the Code. The court specifically limited its decision to the facts at bar, stating that since the Code was new, its view was more flexible than may be the case in the future. The court stated:

Lest this decision be interpreted as a judicial endorsement of successive filings, however, we point out that Congress did provide a statutory mechanism for modifying a confirmed Chapter 13 bankruptcy plan in just such circumstances as Johnson allegedly suffered. Section 1329 of Title 11 U.S.C. permits reducing the amount of payments, extending the time for payments, or even changing the amount due a particular creditor, on proper petition and showing. As the legislative history makes clear, if problems such as a long-term layoff or family illness and medical bills make execution of a confirmed plan impracticable, the Act even permits a temporary moratorium on payments. H.R.Rep. No. 595, 95th Cong., 2d Sess. 125, reprinted in 1978 U.S. Code Cong. & Ad. News, 5787, 5963, 6086. There is no doubt that Johnson's counsel ignored this statutory modification process; instead, after default on the first repayment plan, he did not oppose its dismissal, and then refiled close on the heels of the foreclosure proceeding. We do not read § 1329, however, as necessarily foreclosing second filings, although in a change of circumstances such as alleged here it is obviously the more appropriate procedure. Further, we are unwilling that Johnson be penalized for any neglect of counsel in

failing to appear in opposition to Vanguard's motion to dismiss the first plan, and to argue for modification of that plan under the § 1329 provisions. Since the Act is new, our view is more flexible than it might be in future cases.

708 F.2d at 868.

In excess of two years has elapsed since Mary Johnson filed her second petition and the Code is no longer new. The bankruptcy bar has had ample opportunity to digest the message of the Second Circuit that the proper course where a debtor suffers a change in circumstances during the pendency of a plan under Chapter 13 is to seek a modification of the plan or a moratorium of the obligations imposed thereunder pursuant to 11 U.S.C. § 1329. If debtor's post-petition difficulties prevent him from proposing a modified plan or if the period of their duration cannot be estimated so that a moratorium for a specific period cannot be sought, the debtor should nevertheless move for a dismissal without prejudice rather than simply failing to make payments, such failure placing a burden upon creditors or other parties in interest to make the motion for dismissal. The creditor who has already been injured by debtor's filing of a petition in bankruptcy should not be required to further expend its resources to move for dismissal.

■ Under the doctrine enunciated in *Johnson*, the court holds that a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a "change in circumstances" but must also show good cause why he ignored applicable statutory provisions in failing to move for relief from the obligations under the prior plan in the prior proceeding.

■ This holding constitutes a recognition that the benefits conferred upon a debtor under bankruptcy law are not rights but privileges. "There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 447, 93 S.Ct. 631, 638, 639, 34 L.Ed.2d 626 (1973). Moreover, the benefits are of a substantial nature. The bankrupt-

cy laws "relieve the honest debtor from the weight of oppressive indebtedness, and [permit] him to start afresh free from the obligations and responsibilities consequent on ... misfortunes." *Williams v. United States Fidelity & Guaranty Co.*, 236 U.S. 549, 554–555, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1914). They offer to the beleaguered debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). The imposition upon a debtor of the obligation to conform his conduct to the statutory framework or to give a reasonable justification for failing to have done so is certainly a reasonable *quid pro quo* for the extension of benefits of bankruptcy.

■ Counsel for the debtor herein also served as counsel for the debtor in the *Johnson* case. He, more than other bankruptcy practitioners, is charged with the knowledge of the admonishment of the Second Circuit to comply with the 11 U.S.C. § 1329 modification provisions. Notwithstanding the circuit court's finding that there existed in *Johnson* "neglect of counsel," counsel has not altered his practice discernably. Moreover, he has failed to offer any evidence to justify his client's failure to move for relief in the prior proceeding.

Additionally, debtor has failed to demonstrate a "bona fide change in circumstances [justifying] both [the] default under the [previous] plan and [the] second filing." At the confirmation hearing, debtor testified that his defaults under his previous plan (second petition) were caused by "marital problems" and the fact that he had "two kids in college" and that both factors constituted a financial drain. Transcript of 5/22/84 ("Tr.") at 12–14. No further testimony was elicited with respect to these unsubstantiated assertions except that when debtor was asked if there was a subsequent change in his circumstances he replied that his family was "back together" and his "kids [are] out of college." *Id.* at 13. One interpretation of the former statement is that one aspect of the debtor's marital problems consisted of his wife living apart from the marital domicile. However, in light of the unclear nature of the testimony, even this fact is subject to conjecture. Debtor claimed that his financial situation has also improved as a consequence of a promotion he received from his employer and from additional income derived from a second job. *Id.* at 34. Again, he offered nothing other than this bald assertion to substantiate the claim.

A review of debtor's testimony indicates that he has failed to offer credible evidence sufficient to meet his burden under the "change of circumstances" test.

To highlight the insufficiency of debtor's evidence, debtor has failed to demonstrate:

(a) the amounts, if any, of money paid in furtherance of his children's education, both pre-petition and post-petition,

(b) why any post-confirmation college payments that were made were unanticipated by the debtor,

(c) the dates on which the post-confirmation payments were made,

(d) the total tuition and other costs necessary to fund the children's college education,

(e) the event or events which mandated the payment of college expenses,

(f) the dates on which the children graduated from or otherwise ceased attending college,

(g) whether the funds paid to the children's benefit could be obtained by the children from any other source,

(h) the date upon which debtor's marital problems began,

(i) the nature of such "problems" (personal or economic),

(j) what sums were expended as the consequence of these "problems,"

**52**

(k) the dates when such expenditures were made,

(l) the nature of his first and second jobs,

(m) the rate of compensation received during the pendency of the prior plan,

(n) the current rate of compensation from each source,

(o) the date upon which his raise was obtained,

(p) the date upon which his second job was obtained,

(q) his prospects for continued employment in both positions,

(r) the anticipation of any substantial expenses during the pendency of the plan.

A review of the foregoing evidentiary categories that were ignored by the debtor dramatically underscores the deficiency in debtor's proof. Moreover, many of these categories are susceptible to proof by the introduction of hard documentary evidence. A debtor should possess, and should thus be required to produce, invoices and cancelled checks demonstrating that unanticipated expenditures were made. Likewise, a debtor should demonstrate that the expenditures arose from specific circumstances that occurred on a date or dates certain during the tenure of the debtor's plan and should offer specific evidence that the circumstances no longer exist. Where the debtor wishes to obtain the benefits accorded to a debtor in bankruptcy, after having failed to perform his obligations in connection with prior petitions, he should be prepared to prove with detailed testimony and convincing evidence his entitlement to a second (or third) opportunity.

Having determined that debtor has failed to meet his burden under *Johnson*, the court need not address the assertions and counter-assertions raised as to debtor's delinquency in post-petition mortgage payments.

Accordingly, debtor's petition is dismissed.

It is SO ORDERED.