In re Joe L. PRYOR and Patricia Murray Pryor, Debtors.

**Bankruptcy No. 85–01017.**

United States Bankruptcy Court, D. South Carolina.

Sept. 10, 1985.

Sandra D. Jones, Neighborhood Legal Assistant Program, Inc., Port Royal, S.C., for debtors.

John B. Butler, III, Butler & Butler, Columbia, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the Court on the motion of Standard Federal Savings and Loan Association, a secured creditor of the debtors, to dismiss the debtors' Chapter 13 case pursuant to 11 U.S.C. § 1307(c).[1]

### FINDINGS OF FACT

On November 8, 1984, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. This case was assigned case number 84–01733.

On March 20, 1984, a confirmation hearing was held. The debtors were not present at the confirmation hearing. At the confirmation hearing the court issued an order which states:

> The plan does not comply with the requirements of Chapter 13; therefore, confirmation is denied and ... The case will be dismissed unless a motion to convert is filed within ten (10) days.

At the hearing on the motion to dismiss this, the debtors' second case, the debtors' attorney stated that because the debtors did not wish to proceed under Chapter 7, they did not file a motion to convert their first case to one under Chapter 7. On April 10, 1985, the first case was dismissed for failure to comply with the court's order of March 20, 1985.

After the dismissal of the debtors' case, the movant proceeded with claim and delivery of the debtors' mobile home. On May 24, 1985, an order of default judgment was served on the debtors which order directed the sheriff to obtain possession of the debtors' mobile home.

On May 28, 1985, the debtors filed their second petition for relief under Chapter 13 of the Bankruptcy Code. This case was assigned case number 85–01017.

### ISSUE

The issue is whether the debtors' present Chapter 13 case was filed in "bad faith" and should be dismissed under 11 U.S.C. § 1307(c)?

### DISCUSSION AND CONCLUSION

#### I

■ 11 U.S.C. § 1307(c) provides for dismissal of a Chapter 13 case or conversion of the case to Chapter 7, for cause, including, but not limited to, the reasons listed in 11 U.S.C. § 1307(c)(1)–(8). The filing of a Chapter 13 petition for relief in bad faith is cause for dismissal of the case. *In re Perez,* 43 B.R. 530 (Bankr.S.D.Tex.1984); *In re Chin,* 31 B.R. 314 (Bankr.S.D.N.Y. 1983). *See, Buffkin v. Puckett (In re Puckett),* 745 F.2d 51 (4th Cir.1984).

■ In resolving whether the refiling of a Chapter 13 case, after a previous case has been dismissed, constitutes bad faith and cause for dismissal of the refiled case, courts should be mindful of 11 U.S.C. § 109(f)(1) and (2), but remember that there is no statutory prohibition against repetitive filings. *See, Johnson v. Vanguard Holding Corp. (In re Johnson),* 708 F.2d 865, 868 (2d Cir.1983).

In *Johnson v. Vanguard Holding Corp., (In re Johnson)* 708 F.2d 865 (2d Cir.1983), with regard to the filing of a dismissed Chapter 13 case, the court stated:

> this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ...

---

1. 11 U.S.C. § 1307(c): Except as provided in subsection (c) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under Chapter 7 of

The Bankruptcy Judge should determine whether Johnson had a bona fide change in circumstances that justified both her default on her first plan and her second filing.

*Id.* at 868.

The *Johnson* requirement that a debtor show a change in circumstances so as to justify the default in the first case and the subsequent refiling has been followed in *In re Bolton*, 12 B.C.D. 416, 43 B.R. 48, 11 C.B.C.2d 456 (Bankr.E.D.N.Y.1984); *In re Chin*, 31 B.R. 314 (Bankr.S.D.N.Y.1983). *See, also, In re Nimmo*, 39 B.R. 5 (Bankr. D.N.Mex.1984); *In re Bystrek*, 17 B.R. 894 (Bankr.E.D.Pa.1982).

The test in *Bolton* is particularly persuasive. There the court stated:

Under a doctrine enunciated in *Johnson*, the court holds that a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a "change in circumstances" but must also show good cause why he ignored applicable statutory provisions in failing to move for relief from the obligations under the prior plan in the prior proceeding.

*In re Bolton*, 12 B.C.D. at 418, 43 B.R. at 50, 11 C.B.C.2d at 459.

In this case, the record does not convince the court that there has been such a change in the debtors' circumstances between the dismissal of their case on April 10, 1985, and the refiling of their second case on May 28, 1985, that would show good cause. *See, In re Nimmo, supra.* Likewise the evidence is not convincing as to why they did not modify their plan in the first case pursuant to 11 U.S.C. § 1323 and Bankruptcy Rule 3019 so as to present a feasible plan for confirmation, or why they did not file a motion for a moratorium of payments in their first case. *See, In re Bolton, supra.*

■ It is the debtors' burden to "prove with detailed testimony and convincing evidence his entitlement to a second (or third) opportunity". *In re Bolton*, 12 B.C.D. at 420, 43 B.R. at 52, 11 C.B.C.2d at 461.

■ The debtors' filing the second case after they learned of the impending repossession of their mobile home implies the intention on their part to frustrate the movant's legitimate efforts to realize upon its collateral, and raises a question as to the debtors' good faith. *Buffkin v. Puckett, (In re Puckett), supra. See also, In re Nimmo, supra; In re Bystrek, supra.*

These implications plus the debtors' failure to present testimony and convincing evidence concerning their entitlement to a second opportunity are sufficient to convince this court that the debtors are not entitled to the protection afforded under Section 362 of the Bankruptcy Code, and warrant dismissal of their case for cause, with the debtors' being ordered not to file another petition for relief under the Bankruptcy Code for a period of 180 days from the date of this order.

## II

Pursuant to Bankruptcy Rule 9011, the movant's attorney has also requested reimbursement for the costs and attorney's fees expended in obtaining the dismissal of the debtors' second case.

Bankruptcy Rule 9011(a) requires every document in a bankruptcy case to be signed by an attorney or party. Such signature constitutes a certification that the document was filed in good faith and not for any improper purpose such as to harass or cause delay.

Bankruptcy Rule 9011(a) states:

If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Attorney's fees and costs have been awarded to recompense creditors injured by repetitive bad faith filings. *In re Perez, supra; In re Trust Deed Center, Inc.*, 36 B.R. 846 (Bankr.C.D.Cal.1984); *In re Bay-*

*fort Equities Corp.,* 36 B.R. 575 (Bankr.C. D.Cal.1983); *In re Bystrek, supra.*

■ In this, the first case on this issue in South Carolina, the court will not require the debtors or their counsel to recompense the movant for its costs and attorney fees; however, this court may, in the future, require debtors or their counsel to compensate creditors when there has been a bad faith refiling.

AND IT IS SO ORDERED!