### In re Preston WHITE and Mary White, Debtors.

### Bankruptcy No. 85–01653.

United States Bankruptcy Court, D. South Carolina.

Feb. 25, 1986.

---

---

Thoms H. Dale, Columbia, S.C., for debtor.

W. Keenan Stephenson, Jr., Columbia, S.C., for trustee.

Robert F. Anderson, Columbia, S.C., for First Federal.

R. Emery Clark, Asst. U.S. Atty., Vinton D. Lide, U.S. Atty., Columbia, S.C., for U.S. Atty.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the motion of First Federal Savings & Loan Association of South Carolina (First Federal) a creditor, to dismiss this case pursuant to 11 U.S.C. § 1307(c)[1]. The United States of America, acting on behalf of the Farmers Home Administration (FmHA), and the Chapter 13 trustee join in the motion.

### FACTS

The debtors have a history in this court of repeatedly filing for relief under the Bankruptcy Code. The debtor Mary White

---

1. 11 U.S.C. § 1307(c): Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause,....

**170**

filed[2] her first petition for relief under Chapter 13 on December 31, 1981; that case was dismissed on September 23, 1982, because of her failure to make payments to the Chapter 13 trustee.

On February 8, 1983, Mary White filed[3] her second petition for relief under Chapter 13. It was dismissed on January 20, 1984, because of her failure to make payments to the Chapter 13 trustee and to comply with an order of this court.

On September 10, 1984, Mary White and her husband (the debtor Jack Preston White) filed[4] for relief under Chapter 13. That case was dismissed on May 15, 1985, upon the motion of the Chapter 13 trustee, because of the debtors' failure to comply with an order of this court.

This case was commenced on August 22, 1985.

## CONCLUSIONS OF LAW

The Bankruptcy Court has the inherent power under § 1307(c) to dismiss a case filed under Chapter 13. *In re Pryor,* 54 B.R. 679 (Bankr.D.S.C.1985). In *Pryor* this court dismissed the case because the debtors were unable to "prove with detailed testimony and convincing evidence" their entitlement to a second opportunity. *Pryor* at 681, citing *In re Bolton,* 12 B.C.D. 416, 43 B.R. 48, 11 C.B.C.2d 456 (Bankr.E.D.N.Y.1984).

> Under a doctrine enunciated in ... *Johnson v. Vanguard Holding Corp.,* 708 F.2d 865 (2d Cir.1983), the court holds that a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a 'change in circumstances' but must also show good cause why he ignored applicable statutory provisions in failing to move for relief from the obligations under the prior plan in the prior proceeding.

*Bolton* at 418, 43 B.R. at 50, 11 C.B.C.2d at 459.

The debtors have not demonstrated a "change in circumstances" and they have not shown good cause why they "ignored

applicable statutory provisions in failing to move for relief from the obligations" under the plans in their prior cases.

## ORDER

Accordingly, First Federal's motion should be granted, and this case should be dismissed.

AND IT IS SO ORDERED.

---

**2.** Case Number 81–01988.

**3.** Case Number 83–00223.

**4.** Case Number 84–01366.