**In re Thomas W. McELVEEN and Ila D. McElveen, Debtors.**

**Bankruptcy No. 87–01514.**

United States Bankruptcy Court, D. South Carolina.

July 8, 1987.

Richard A. Blackmon, Sumter, S.C., for debtor.

John B. Butler, III, Butler & Butler, Columbia, S.C., for Chrysler First.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the Court on the motion of Chrysler First Financial Services Corporation, formerly known as FinanceAmerica Corporation (Movant), to dismiss the debtors' case pursuant to 11 U.S.C. § 1307(c) on the ground that the case was filed in "bad faith".

## FINDINGS OF FACT

Movant is a creditor of the debtors and holds a mortgage on their real estate.

On September 3, 1982, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code bearing case number 82–01459. This case was dismissed on December 22, 1982.

On December 22, 1982, the debtors filed a second petition for relief under Chapter 13 of the Bankruptcy Code, bearing case number 82–02167. On July 19, 1983, this case was dismissed, on the trustee's motion, with prejudice for a period of one year.

On July 1, 1984, the debtors filed their third petition for relief under Chapter 13 of the Bankruptcy Code, bearing case number 85–01240. On January 15, 1986, this case was dismissed, on movant's motion, with prejudice for a period of one year, and the debtors were ordered to pay movant $300 attorney's fees within 10 days from the date of the order. The debtors never paid the money. Neither the debtors nor their attorney were present at the hearing on movant's petition to dismiss the case.

Since the dismissal of the debtors' second bankruptcy case, Movant has tried, on eleven occasions, to exercise its rights under state law by proceeding to foreclose its mortgage. On each occasion, the debtors, or a representative of the debtors, made the high bid at the foreclosure sale. The debtors have not complied with any of these bids.

On May 1, 1987, the debtors filed this—their fourth—petition for relief under Chapter 13 (case number 87–01514).

On June 9, 1987, the trustee filed a petition to dismiss case number 87–01514 for failure to file an adequate plan.

Richard Blackmon, Esquire, represented the debtors in their third bankruptcy case, and he represents the debtors in the instant case.

## ISSUE

The issues are: (1) whether this Chapter 13 case was filed in "bad faith" and should be dismissed under 11 U.S.C. § 1307(c), and (2) whether attorney's fees incurred by Movant should be assessed against the debtors.

## BURDEN AND STANDARD OF PROOF

■ It is the debtors' burden to "prove with detailed testimony and convincing evidence [their] entitlement to a second (or third) opportunity". *In re Bolton*, 12 B.C.D. 416, 420, 43 B.R. 48, 52, 11 C.B.C.2d 456, 461 (Bankr.E.D.N.Y.1984). See, *In re Pryor*, 54 B.R. 679 (Bktcy.D.S.C.1985); *In re McElveen*, Case No. 85–01240 (Bankr.D.S.C. 1/15/86).

## DISCUSSION AND CONCLUSION

### I

■ 11 U.S.C. § 1307(c) provides for dismissal of a Chapter 13 case or conversion of the case to Chapter 7 for cause, including, but not limited to, the reasons listed in 11 U.S.C. § 1307(c)(1)–(8). 11 U.S.C. § 102(3); *In re Wessinger*, 14 B.R. 737, 5 C.B.C.2d 328 (Bankr.E.D.Pa.1981). The filing of a Chapter 13 petition for relief in bad faith is cause for dismissal of the case. *In re Pryor, supra; In re Perez*, 43 B.R. 530 (Bktcy.S.D.Tex.1984); *In re Chin*, 31 B.R. 314 (Bktcy.S.D.N.Y.1983). *See, Buffkin v. Puckett (In re Puckett)*, 745 F.2d 50 (4th Cir.1984).

In resolving whether the debtors' filing the fourth Chapter 13 case, after three previously filed Chapter 13 cases had been dismissed, constitutes bad faith and cause for the dismissal of the case, this court is mindful of 11 U.S.C. § 109(f)(1) and (2), but is aware that there is no statutory prohibition against repetitive filings. *See, In re Pryor, supra; Johnson v. Vanguard Holding Corp. (In re Johnson)*, 708 F.2d 865, 868 (2d Cir.1983).

In *Johnson*, with regard to the refiling of a Chapter 13 case, the court stated:

The Bankruptcy Judge should determine whether Johnson had a bona fide change in circumstances that justified both her default on her first plan and her second filing.

708 F.2d 868.

The debtors' showing such a change in circumstances has been required in *In re Pryor, supra; In re Bolton, supra; In re Chin*, 31 B.R. 314 (Bktcy.S.D.N.Y.1983). *See, also, In re Nimmo*, 39 B.R. 5 (Bktcy.

D.N.Mex.1984); *In re Bystrek*, 17 B.R. 894 (Bktcy.E.D.Pa.1982).

The reasoning in *Bolton* is particularly persuasive. There the court stated:

Under a doctrine enunciated in *Johnson*, the court holds that a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a "change in circumstances" but also must show good cause why he ignored applicable statutory provisions in failing to move for relief from the obligations under the prior plan in the prior proceeding.

*In re Bolton*, 12 B.C.D. at 418, 43 B.R. at 50, 11 C.B.C.2d at 459. *See also, In re Pryor, supra.*

■ Here, the record does not convince the court that there has been such a change in the debtors' circumstances between the dismissal of their case on January 1, 1987, and the refiling of their fourth case on May 1, 1987, which would constitute good cause. *See, In re Nimmo, supra.* Nor is the evidence convincing as to why the debtors did not modify their plan in the third case pursuant to 11 U.S.C. § 1323 and Bankruptcy Rule 3019 to present a feasible plan for confirmation, or why they did not file a motion for a moratorium of payments in their third case. *See, In re Pryor, supra; In re Bolton, supra.*

The debtors' filing the fourth case after blocking Movant's efforts to foreclose its mortgage evinces an intention on their part to frustrate Movant's efforts to realize upon its collateral, and raises the question as to the debtors' good faith. *In re Pryor, supra, Buffkin v. Puckett, (In re Puckett), supra. See also, Knee v. Bradley, (In re Bradley)*, 60 B.R. 571, 14 C.B.C.2d 996 (Bankr.E.D.Va.1986); *In re Nimmo, supra; In re Bystrek, supra.*

The debtors' failure to present convincing evidence concerning their entitlement to relief is sufficient to persuade this court: (1) that the debtors are not entitled to the protection afforded under Section 362 of the Bankruptcy Code; (2) that this case should be dismissed for cause, and (3) that the debtors should be ordered not to file

another petition for relief under the Bankruptcy Code for a period of two years from July 8, 1987.

## II

Movant has requested reimbursement for the costs and attorney's fees expended in obtaining the dismissal of this, the debtors' fourth case.

■ Bankruptcy Rule 9011(a) which requires every document in a bankruptcy case to be signed by an attorney or party, adds:

> The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Attorney's fees and costs have been awarded to recompense creditors injured by repetitive bad faith filings. *In re McElveen, supra; In re Perez, supra; In re Trust Deed Center, Inc.,* 36 B.R. 846 (Bktcy.C.D.Cal.1984); *In re Bayport Equities Corp.,* 36 B.R. 575 (Bktcy.C.D.Cal. 1983); *In re Bystrek, supra.*

In this case, Movant has incurred an obligation for attorney's fees for legal representation in this case in the amount of $432.00, which sum seems reasonable and for which the debtors should reimburse Movant within ten days from the entry of this order.

## ORDER

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

(1) That the debtors' case be dismissed;

(2) That the debtors not file another petition for relief under the Bankruptcy Code before July 8, 1989; and,

(3) That the debtors pay the sum of $432.00 to Chrysler First Financial Services Corporation within 10 days from the entry of this order.