**In re Randall C. HYMAN, Debtor.**

**Bankruptcy No. 87–02908.**

United States Bankruptcy Court,
D. South Carolina.

Nov. 4, 1987.

George G. Reaves, Florence, S.C., for debtor.

John B. Butler, III, Butler and Butler, Columbia, S.C., for movants.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

This matter is before the Court on the motion of South Atlantic Production Credit and Pee Dee Federal Land Bank (movants) to dismiss the debtor's case pursuant to 11 U.S.C. § 1208(c) on the ground that the case was filed in "bad faith".

### FINDINGS OF FACT

The movants are creditors of the above-captioned debtor and hold security interests in the debtor's real estate and farm equipment.

On March 13, 1986, the debtor filed a petition for relief under Chapter 11 bearing Case Number 86–00816. On April 8, 1987, this court entered an order dismissing that case on a creditor's motion.

On April 8, 1987, the debtor filed a motion for relief under Chapter 12 of the Bankruptcy Code. On August 19, 1987, that case was dismissed on a creditor's motion.

On September 10, 1987, while the movants were endeavoring to enforce their rights under state law, the debtor commenced this case by filing another petition for relief under Chapter 12.

In each of the first two cases, the debtor entered into a consent order to provide the movants with adequate protection by making periodic payments to the movants. The debtor did not make the required payments and the stay was lifted in each case.

## ISSUE

The issues are: (1) whether this Chapter 12 case was filed in "bad faith" and should be dismissed under 11 U.S.C. § 1208(c), and (2) whether attorney's fees incurred in this case by movants should be assessed against the debtor.

## BURDEN AND STANDARD OF PROOF

■ It is the debtor's burden to "prove with detailed testimony and convincing evidence his entitlement to a second (or third) opportunity". *In re Bolton*, 12 B.C.D. 416, 420, 43 B.R. 48, 52, 11 C.B.C.2d 456, 461 (Bktcy.E.D.N.Y.1984). See, *In re Pryor*, 54 B.R. 679 (Bktcy.D.S.C.1985); *In re McElveen*, Case No. 85–01240 (Bankr.D.S.C. 1/15/86).

## DISCUSSION AND CONCLUSION

### I

11 U.S.C. § 1208(c) provides for dismissal of a Chapter 12 case for cause, including, but not limited to, the reasons listed in 11 U.S.C. § 1208(c)(1)–(9). 11 U.S.C. § 102(3). The filing of a Chapter 12 petition for relief in bad faith is cause for dismissal of the case. *See, In re Pryor, supra; In re Perez*, 43 B.R. 530 (Bktcy.S.D.Tex.1984); *In re Chin*, 31 B.R. 314 (Bktcy.S.D.N.Y.1983).[1]

In resolving whether the debtor's filing the third case, after the previously filed Chapter 11 and 12 cases had been dismissed, constitutes bad faith and cause for the dismissal of the case, this court is mindful of 11 U.S.C. § 109(g)(1) and (2), but is aware that there is no statutory prohibition against repetitive filings. *See, In re Pryor, supra; Johnson v. Vanguard Holding Corp. (In re Johnson)*, 708 F.2d 865, 868 (2d Cir.1983).

In *Johnson*, with regard to the refiling of a Chapter 13 case, the court stated:

The Bankruptcy Judge should determine whether Johnson had a bona fide change in circumstances that justified both her default on her first plan and her second filing.

708 F.2d 868.

The debtor's showing such a change in circumstances has been required in Chapter 13 cases. *In re Pryor, supra; In re Bolton, supra; In re Chin*, 31 B.R. 314 (Bktcy.S.D.N.Y.1983). See, also, *In re Nimmo*, 39 B.R. 5 (Bktcy.D.N.Mex.1984); *In re Bystrek*, 17 B.R. 894 (Bktcy.E.D.Pa. 1982). The same test should be applied in Chapter 12 cases.

The reasoning in *Bolton* is particularly persuasive. There the court stated:

Under a doctrine enunciated in *Johnson*, the court holds that a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a "change in circumstances" but also must show good cause why he ignored applicable statutory provisions in failing to move for relief from the obligations under the prior plan in the prior proceeding.

*In re Bolton*, 12 B.C.D. at 418, 43 B.R. at 50, 11 C.B.C.2d at 459. See also, *In re Pryor, supra*.

■ Here, the record does not convince the court that there has been such a change in the debtor's circumstances between the dismissal of the second case on August 19, 1987, and the refiling of the third case on September 10, 1987, which would constitute good cause. *See, In re Nimmo, supra*. Nor is the evidence convincing as to why the debtor did not modify his plan in the second case pursuant to 11 U.S.C. § 1223 and Bankruptcy Rule 3019 so as to present a feasible plan for confirmation. *See, In re Pryor, supra; In re Bolton, supra*.

The debtor's filing the third case during movants' efforts to pursue their rights to collect their secured debts evinces an intention on the debtor's part to frustrate movants' efforts to realize upon their collateral, and raises the question as to the debtor's

---

1. *See, Buffkin v. Puckett (In re Puckett)*, 745 F.2d 50 (4th Cir.1984).

good faith. *In re Pryor, supra; Buffkin v. Puckett, (In re Puckett), supra.* See also, *Knee v. Bradley, (In re Bradley),* 14 C.B.C.2d 996, 60 B.R. 571 (Bktcy.E.D.Va. 1986); *In re Nimmo, supra; In re Bystrek, supra.*

The debtor's failure to present convincing evidence concerning his entitlement to relief is sufficient to persuade this court: (1) that the debtor is not entitled to the protection afforded under Section 362 of the Bankruptcy Code; (2) that this case should be dismissed for cause, and (3) that the debtor should be ordered not to file, and the Clerk of Court ordered not to accept, from the debtor, another petition for relief under the Bankruptcy Code for a period of one year from October 21, 1987.

## II

■ Movants have requested reimbursement for the costs and attorney's fees expended in obtaining the dismissal of this, the debtor's third case.

Bankruptcy Rule 9011(a) which requires every document in a bankruptcy case to be signed by an attorney or party, says in part:

> The signature of an attorney or a party constitutes a certificate by him that he has read the documents; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose such as to harrass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Attorney's fees and costs have been awarded to recompense creditors injured by repetitive bad faith filings. *In re McElveen, supra; In re Perez, supra; In re Trust Deed Center, Inc.,* 36 B.R. 846 (Bktcy.C.D.Cal.1984); *In re Bayfort Equities Corp.,* 36 B.R. 575 (Bktcy.C.D.Cal. 1983); *In re Bystrek, supra.*

Since this is the first time that the court will have dismissed a refiled Chapter 12 case, the court, in the exercise of its discretion, will not require the debtor to reimburse the movants for their costs and attorney's fees.

## ORDER

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

(1) That the debtor's case be dismissed;

(2) That the debtor shall not file, and the Clerk of Court shall not accept, from the debtor for filing, another petition for relief under the Bankruptcy Code before October 21, 1988; and,

(3) That the movants' request for costs and attorney's fees be denied.