**In re Robert Alvin STEEVES, Nancy E. Steeves d/b/a Sugar and Spice Emporium, Debtors.**

**Bankruptcy No. BK–7900355.**

United States Bankruptcy Court, D. Rhode Island.

April 1, 1980.

Steven J. Hirsch, East Providence, R. I., for debtors.

William H. Tucker, Boston, Mass., United States Trustee.

Christopher W. Parker, Boston, Mass., Counsel to U. S. Trustee.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on February 22, 1980, on the United States Trustee's motion to examine fees paid to the attorney for the debtors.

On October 12, 1979, Robert Alvin Steeves and Nancy E. Steeves filed a voluntary joint bankruptcy petition. The attorney for the debtor filed a statement pursuant to Bankruptcy Rule 219(b) which disclosed compensation of $750.00 for legal services paid by the debtors.

The United States Trustee asserts two basic arguments: (1) that $750.00 for services rendered in an "unexceptional" voluntary bankruptcy proceeding is unreasonable per se, and (2) that if a portion of this compensation is for additional services, then application should have been filed with this Court for approval prior to performance of such services.

The authority of the Bankruptcy Court to review compensation is a traditional power of the court, and is essential to prevent overreaching by the debtor's attorneys and to protect creditors. 2 *Collier on Bankruptcy* ¶ 329.01 (15th ed. 1979). Section 329 of the Bankruptcy Code provides that the court may cancel any agreement for compensation for attorney fees, or order that such excessive payments be paid over to the trustee or the debtor. This provision in the Code is derived from § 60d of the Bankruptcy Act and Bankruptcy Rules 219 and 220. *See e. g., In re Arlan's Department Stores, Inc.*, 462 F.Supp. 1255 (S.D.N.Y., 1978), aff'd 5 Bank.Ct.Dec. 973, 615 F.2d 925 (2d Cir., 1979).

The explanation by debtor's attorney regarding the "higher than usual" amount of compensation in cases of this type rested on additional work required, mostly dealing with his efforts to recover certain exempt proceeds from the sale of real property located in New Hampshire.

In support of his position, Steven J. Hirsch, Esq. presented a written breakdown of the time spent on this case, and while his fee may be justified, we feel that the information presented is insufficient to support the total compensation received. Therefore, at this time, a fee of $350.00 is approved for the preparation and filing of the case, and attendance at the § 341 Meeting.

The value of the "additional legal services", which we find attributable to the recovery of the proceeds of the New Hampshire real estate sale, has not been adequately documented, and counsel is allowed ten days to furnish a more detailed statement in support of the additional compensation requested here.

We disagree with the second contention of the United States Trustee—that the attorney for the debtor should be denied *any* compensation for additional services because of his failure to file an application with the court for leave to perform these services. While the court has authority to review the value of the services in question because they were performed in contemplation of or in connection with the bankruptcy, 11 U.S.C. § 329, we feel that these services essentially were for the benefit of the debtors individually—not for the benefit of the estate, and therefore not the subject of an application to this Court. The legal work was necessary to the recovery of exempt property, clearly of no interest to anyone but the debtors. Indeed, Peter Palumbo, Esq., the panel trustee, recognized that the estate had no interest and declined to pursue this asset, leaving it up to the attorney for the debtor to recover these funds. We know of no provision in the Bankruptcy Code, nor has the United States Trustee directed our attention to one, that

requires court approval before counsel could embark upon services of this type.

For the foregoing reasons, we find that the attorney for the debtor is entitled at this time to an award of $350.00 for services performed in preparing and filing the debtors' bankruptcy petition and schedules and attendance at the Section 341 meeting, and that the reasonableness of said additional services will be determined after a review of the further detail to be filed by debtors' counsel on or before April 11, 1980, with a copy to the United States Trustee. Any objection by the United States Trustee to the application for additional allowance should be noted by written objection filed on or before April 16, 1980.