In re Frances Allen McLEAN, Debtor.

Billy C. BROOKS, Esquire, Plaintiff,

v.

Erwin B. NACHMAN, Trustee,
Defendant.

Bankruptcy No. 80–02399.

United States Bankruptcy Court,
E. D. Virginia,
Newport News Division.

Oct. 8, 1980.

---

Billy C. Brooks, Newport News, for plaintiff.

Erwin B. Nachman, Frank, Poinsett, Nachman & Frank, Newport News, for trustee.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

The factual antecedents of this proceeding may be briefly stated. The debtor, Frances Allen McLean, paid her attorney, Billy C. Brooks, $400 for services rendered in conjunction with financial counselling, the preparation and filing of a homestead deed and bankruptcy schedules, attendance at the meeting of creditors and discharge hearing.

At the meeting of creditors, the trustee questioned Mr. Brooks vis–a–vis the reasonableness of the fee charged. Although the trustee now agrees that the fee is reasonable in this instance, Mr. Brooks took exception and filed an application with the Court to determine the extent of the trustee's administrative authority relative to questioning attorneys' fees.

## THE LAW

Under the Bankruptcy Code, the Court adjudicates controversies; it does not administer estates. In this District, the United States Trustee and his appointees are charged with the responsibilities of administration. In conjunction with this responsibility, the trustee should *monitor* the fees that debtors are charged by their attorneys. The debtor's attorney must file a statement disclosing the amount of compensation paid or to be paid in contemplation of and connection with a case under Title 11. 11 U.S.C. 329(a).

All of this notwithstanding, the trustee does not possess the authority to determine the reasonableness of a fee in any particular instance. If as a result of his monitoring a case the trustee believes that a fee is excessive, the proper procedure is to bring the matter before the Court by motion. A hearing will be afforded the parties and the controversy resolved. Pursuant to 11 U.S.C. 329(b), the Court has wide discretion to insure that the debtors pay reasonable fees in connection with bankruptcy proceedings.

With the advent of the Bankruptcy Code came the abolition of the economy principle, a time–honored yet curious notion that attorneys practicing bankruptcy should be paid less than those practicing in other forums. In this District attorneys were limited to a $350 fee for the usual consumer bankruptcy under the Act. United States District Court, Eastern District of Virginia, Rule 5(c). Today, attorneys are not limited by an arbitrary figure; the beacon is reasonableness. 11 U.S.C. 329. What constitutes a reasonable fee will vary from case to case depending upon the complexity of the issues presented.

In this instance, the trustee was acting within the ambit of his administrative authority in examining the fee charged by the debtor's attorney. The Court would suggest, and urge, that in the discharge of this administrative duty a trustee should be discreet, professionally courteous and careful to avoid unnecessary embarrassment of an attorney. A debtor should not be led to believe his attorney has taken him to the cleaners. If the Court later makes a determination relative to the fee, this Court will see that the debtor receives a copy of the appropriate order.

IT IS SO ORDERED.