In the Matter of Jo Anne GRANT, Debtor.

Bankruptcy No. 80 B 10434 ER.

United States Bankruptcy Court, S. D. New York.

Jan. 22, 1981.

Gerald A. Kagan, New York City, for debtor.

## ORDER AND FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONCERNING MOTION UNDER 11 U.S.C. 329(b)

EDWARD J. RYAN, Bankruptcy Judge.

The Chapter 7 trustee and the United States Trustee for the Southern District of New York have requested, among other things, that this Court, pursuant to 11 U.S.C. 329(b), review the fee arrangement between the debtor and her counsel, Gerald A. Kagan, Esquire, and enter an order directing Mr. Kagan to remit to the debtor the $500 compensation she previously paid to him.

Upon review of the movants' application, Mr. Kagan's undated and unnotarized affidavit in response and the movants' reply thereto and after notice and a hearing on November 10, 1980, and an adjourned hearing on December 3, 1980, at which Mr. Kagan did not appear, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This Chapter 7 case was commenced by the filing of a voluntary petition on March 28, 1980.

2. That petition indicated that the debtor was represented by Gerald A. Kagan, Esquire, and according to an attached attorney disclosure statement pursuant to Bankruptcy Rule 219(b) Mr. Kagan had received a fee of $500 for legal services rendered and to be rendered.

3. The United States Trustee appointed Jon Yard Arnason as Interim Trustee (28 U.S.C. 586(a)(1); 11 U.S.C. 15701(a)), and Mr. Arnason became the Trustee in this case by operation of law (11 U.S.C. 702(d)).

4. On several occasions, Mr. Arnason requested in writing (to Mr. Kagan) and orally (at the meeting of creditors (11 U.S.C. 341(a)) which the debtor attended) that he be provided with copies of the debtor's 1978 and 1979 federal tax returns.

5. No response was forthcoming and, on June 27, 1980, on the trustee's application, this Court extended the time for filing objections to the debtor's discharge to July 28, 1980.

6. The United States Trustee followed up with a letter, dated July 3, 1980, to Mr. Kagan asking that there be compliance with the trustee's request. Mr. Kagan did not respond in any fashion to the United States Trustee's letter.

7. The trustee, claiming that he had failed to receive copies of the debtor's 1978 and 1979 federal tax returns, moved on July 28, 1980, for an order dismissing the case.

8. Neither the debtor nor Mr. Kagan appeared on the return date, and this Court adjourned the matter and directed that a motion to review Mr. Kagan's fee, on notice to the debtor, be filed pursuant to 11 U.S.C. 329(b). Mr. Kagan contends that neither he nor his client received notice of the hearing.

9. Mr. Kagan, but not the debtor, appeared on November 10, 1980, the return date on the motion to review his fee. Because he provided the trustee with a copy of the debtor's 1979 federal tax return just prior to the hearing and based on Mr. Kagan's representation that he would transmit the 1978 return to the trustee within several weeks, the matter was adjourned to December 3, 1980, at 10:30 a. m.

10. On the adjourned date, Mr. Kagan failed to appear, and the Court was advised that the trustee had not received a copy of the debtor's 1978 tax return nor any communication from Mr. Kagan. The reason for the failure to appear is Mr. Kagan's belief that the matter was on for December 15th, the date to which other cases of his had been adjourned to.

## CONCLUSIONS OF LAW

The United States Trustee for the Southern District of New York was appointed by the Attorney General, 28 U.S.C. 581(a)(2), in accordance with the pilot project established under Section 408 of the Bankruptcy Reform Act of 1978. The United States Trustee is the repository for the administrative and supervisory functions previously performed by the Bankruptcy Judges under the now repealed Bankruptcy Act of 1898 (*see* 28 U.S.C. 586(a); 11 U.S.C. 1501 *et seq.*; 11 U.S.C. 341(c); H.Rep.95–595, 95th Cong., 1st Sess., 99–109 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787). To assist in carrying out those responsibilities in Chapter 7 cases, the United States Trustee maintains and supervises a panel of persons whom he appoints to serve as trustees in such cases (28 U.S.C. 586(a)(1); 11 U.S.C. 15701(a)).

■ The function of supervising the administration of bankruptcy cases includes a review of counsel fees. *In re Butchman*, No. 80–B–20137 (S.D.N.Y., filed Oct. 27, 1980) (Schwartzberg, B. J.), slip op. at 6; *In re McLean*, 6 B.R. 327 (Bkrtcy.E.D.Va., 1980). When the trustee serving in a case or the United States Trustee obtains sufficient information which either or both believes raises a question as to the amount of compensation an attorney has received, the proper procedure is for them to seek appropriate relief in the Bankruptcy Court pursuant to 11 U.S.C. 329(b). *In re Butchman, supra; In re McLean, supra.*

■ While it is axiomatic that attorneys are officers of the court and, as professionals, are held to a high standard in the discharge of their duties (e. g., *In re Futuronics*, 5 B.R. 489, 490–91 (S.D.N.Y.1980) (Duffy, D.J.); *In re Rivera*, 6 B.R. 686, at 689 (Bkrtcy.S.D.N.Y.1980) (Schwartzberg, B.J.); *In re Butchman, supra*), it appears to this Court that, based on the facts of the instant case and others involving similar circumstances, that axiom bears repeating.

It also bears emphasis that an attorney owes a duty to his client (and to the court) to render legal services in a competent manner. Canon 6, *American Bar Association Code of Professional Responsibility* and Disciplinary Rules thereunder. Furthermore, an attorney must carry out a contract for professional services and not to prejudice his client during the course of the representation (*id.* at Canon 7 and Disciplinary Rule 7–101(A)(2), (3)).

Under the Bankruptcy Reform Act a debtor must cooperate with the trustee and, upon request, surrender books, records and other documents which relate to property of the estate. 11 U.S.C. 521(2), (3). Failure to comply with a trustee's request for information about a debtor's financial affairs, among other things, could lead to the denial of a discharge (*see*, e. g., 11 U.S.C. 727(a)(3)). And, in a case such as the instant one where the debtor is represented by counsel and the request for information appropriately is addressed to counsel (*see* Disciplinary Rule 7–104(A)(1) under the *American Bar Association Code of Professional Responsibility*), counsel's cooperation is critical.

█ Where an attorney in a bankruptcy case fails to perform competently and efficiently those legal services for which a debtor has contracted, it is appropriate for the Court to review the compensation arrangement and, among other things, to direct a remittance to the debtor in a no-asset Chapter 7 case. 11 U.S.C. 329(b)(2);[1] Bankruptcy Rule 220. In reviewing an attorney's fee to determine whether it is reasonable under the circumstances the Court must consider the nature of the services and the competence of the performance (*In re Butchman, supra; In re Rivera, supra; In re Smith*, 5 B.R. 92, 6 BCD 506, 510–11, 2 CBC 2d 481, 487–88 (Bkrtcy. D.D.C.1980)); and it also must be guided by ethical considerations (*id.*).

█ The Court cannot countenance Mr. Kagan's flagrant inattention to his client's affairs. As noted above, having accepted a fee from a financially distressed person to represent her in this case, Mr. Kagan was duty bound to do so in a competent manner. Under the circumstances presented, Mr. Kagan failed to perform competently and he is not entitled to retain any of the $500 fee he received from the debtor.

### ORDER

1. The application of the Chapter 7 trustee and the United States Trustee, pursuant to 11 U.S.C. 329(b), for a review of the compensation received by Gerald A. Kagan, Esquire, counsel to the debtor, and for an order directing remittance is granted.

2. Under the circumstances presented and for the reasons stated above, Gerald A. Kagan, Esquire, is directed to remit to the debtor an amount of $500 within ten (10) business days of his receipt of these Findings of Fact, Conclusions of Law and Order, and provide written documentation of compliance to the trustee and to the United States Trustee.

IT IS SO ORDERED.

█

For a general discussion of Section 329, *see* 2 *Collier on Bankruptcy*, pp. 329–2 to –12 (15th ed. 1980).

---

1. Section 329 is in large part derived from Section 60(d) of the now repealed Bankruptcy Act. H.Rep.95–595, 95th Cong., 1st Sess. 329 (1977); S.Rep.95–989, 95th Cong., 2d Sess. 39 (1978).