**In re Vasillios and Irene PERROS, Debtors.**

**Bankruptcy No. 881–81577–18.**

United States Bankruptcy Court, E. D. New York.

Oct. 8, 1981.

Schwartz & Sachs, Carle Place, New York City, for debtors.

C. ALBERT PARENTE, Bankruptcy Judge.

A hearing was held before this Court on July 14, 1981, pursuant to 11 U.S.C. § 329 of the Bankruptcy Code to determine the reasonableness of the fees charged the above debtors by their attorneys, Schwartz & Sachs.

On the record of this hearing, the Court finds the facts as follows:

(1) Schwartz & Sachs filed, on behalf of the debtors, a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code on May 4, 1981.

(2) Said petition listed one creditor holding a secured claim in the sum of $34,491.52 and five creditors holding unsecured claims in the aggregate sum of $32,675.88.

(3) The Chapter 13 plan proposes payment to the secured creditor in full outside of the plan. The sum of $220 per month, for 36 months, is to be remitted to the trustee for payment to the unsecured creditors. The plan computes to a 24 percent payout of the claims filed.

(4) Schwartz & Sachs filed with the Chapter 13 petition the statement describing the pre-petition services rendered by said attorneys as required by Bankruptcy Rule 219(b) and Local Rule 10. Said statement provided that the debtors agreed to pay the sum of $810 to Schwartz & Sachs as an initial retainer fee.

(5) The attorneys' fee statement further listed the following pre-petition services which were rendered by debtors' counsel:

| DATE | BY WHOM | RATE PER HR. | TIME IN HRS. | NATURE OF SERVICES |
|---|---|---|---|---|
| 4/17/81 | Sachs | $125 | ½ | Initial contact with debttors by phone |
| 4/21/81 | Sachs & Schwartz | $125 | 1 | Conference with respect to options available to debtors |
| 4/28/81 | Sachs | $125 | 2 | Conference with debtors with respect to their financial condition and feasibility of filing a Chapter 13 petition |
| 5/1/81 | Sachs | $125 | 1 | Preparation of Chapter 13 petition |
| 5/14/81 | Sachs | $125 | 1 | Execution and review of Chapter 13 petition by debtors |

| DATE | BY WHOM | RATE PER HR. | TIME IN HRS. | NATURE OF SERVICES |
|---|---|---|---|---|
| 5/14/81 | Sachs | $125 | ¼ | Preparation of Rule 219(b) & Local Rule 10 statement |
| 5/14/81 | Macco (paralegal) | $ 30 | ½ | Traveling to court to file Chapter 13 petition |

(6) At the hearing held on July 14, 1981, Gary Sachs stated his qualifications as follows: He was admitted to practice before this Court nine years ago; he is a member of the bankruptcy committee in the Nassau County Bar Association; and he has lectured before the New York State and Nassau County Bar Associations with respect to bankruptcy law.

(7) In addition, Sachs testified that the billing rate listed in the Rule 219(b) and Local Rule 10 statement is the same rate the firm charges in nonbankruptcy cases.

(8) Sachs further testified that the within Chapter 13 case did not involve any complex or obscure legal questions which required intensive research.

(9) The Court takes judicial notice that the prevailing rate in the legal community practicing before this Court for a Chapter 13 case is between $500 and $600.

The aforesaid findings of fact give rise to the following issue: Is the $812 fee charged by Schwartz & Sachs in the within proceeding reasonable?

The power of this Court to review attorneys' fees is a traditional power of the Court and is expressly authorized under § 329 of the Bankruptcy Code. *In re Wilson*, 11 B.R. 986, 7 BCD 1050 (Bkrtcy.S.D. New York 1981); *In re Steeves*, 3 B.R. 334, 6 BCD 215 (D. Rhode Island 1980). The policy underlying this authority is to prevent overreaching by the debtor's attorneys and to protect creditors. *In re Steeves, supra*; 2 Collier on Bankruptcy, ¶ 329.01 (15th Ed. 1979).

Section 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the trustee, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11 or 13 of this title; or

(2) the entity that made such payment.

As to what constitutes "reasonable compensation," § 330(a) provides in relevant part:

(1) reasonable compensation for actual, necessary services . . . based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and . . .

In effect, § 330 adopts the criteria established under the Bankruptcy Act for determining and fixing attorneys' fees except that the "economic spirit" of the Bankruptcy Act is no longer a factor to be considered. *In re J. J. Bradley & Co., Inc.*, 6 B.R. 529 (Bkrtcy.E.D.N.Y.1980); *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326, 7 BCD 936 (Bkrtcy.E.D. Michigan 1981); *In re City Planners & Developers, Inc.*, 5 B.R. 217, 7 BCD 707 (Bkrtcy.D. Puerto Rico 1980).

Under the Bankruptcy Act, the following factors governed the fixing of attorneys' fees:

**518**

(1) the time spent in the case;

(2) intricacy of the questions involved;

(3) the size of the estate; and

(4) the result obtained.

*In re Paramount Merrick, Inc.,* 252 F.2d 482 (2nd Cir. 1958); *In re Guy,* 2 BCD 1474 (D. Minnesota 1976).

■ In addition to the aforesaid factors, the Court must also examine the cost of comparable services in nonbankruptcy proceedings. This does not mean to say that the attorneys' fees charged by a law firm in a nonbankruptcy proceeding are determinative of the fees to be allowed in a bankruptcy proceeding. *In re City Planners & Developers, Inc., supra.* The scope of the inquiry as to comparable fees must take into consideration the billing practice in the legal community. *In re City Planners & Developers, Inc., supra* ; *In re Stewart,* 10 B.R. 472, 7 BCD 609 (Bkrtcy.E.D. Virginia 1981); *In re St. Pierre,* 4 B.R. 607, 6 BCD 607 (Bkrtcy.D. Rhode Island 1980); *In re Hill,* 5 B.R. 541, 6 BCD 917 (Bkrtcy.C.D. California 1980).

■ The Court finds that predicated on the aforesaid factors, a fee in the sum of $550 constitutes reasonable compensation for the services provided by Schwartz & Sachs for the following reasons.

FIRST: The Rule 219(b) and Local Rule 10 statement indicates that debtors' counsel expended six and one-quarter hours in this case. However, the one-half hour spent by the firm's paralegal is not compensable as it includes travel time to and from the courthouse. *Arlan's Dept. Stores, Inc.,* 462 F.Supp. 1255 (S.D.N.Y.1978), *aff'd* 615 F.2d 925 (2nd Cir. 1979). Therefore, the aggregate compensable time spent in this case by debtors' counsel is five and three-quarters hours.

SECOND: Gary Sachs, a partner of Schwartz & Sachs, testified that the within proceeding did not involve any extraordinary legal problems. Services which are largely routine and ministerial should be compensated at a lower rate than services which involve complicated legal issues, irrespective of the experience and competency

of the attorney who performs them. *In re Hamilton Co., Inc., supra.*

THIRD: Debtors' estate consists of only one creditor holding a secured claim and five holders of unsecured claims, aggregating in the sum of $67,167.40.

FOURTH: With respect to the results obtained by debtors' counsel, the debtors' Chapter 13 plan was confirmed at the hearing held on July 14, 1981.

FIFTH: The Court takes judicial notice that the prevailing legal fees for debtors' counsel in routine Chapter 13 cases range from $500 to $600. Debtors' counsel has failed to demonstrate any reason justifying deviation from said prevailing rate.

*CONCLUSION*

Predicated on the aforementioned findings of fact and precepts of law, the Court finds that attorneys' fees in the sum of $550 represent reasonable compensation for the services provided by Schwartz & Sachs in this case.

As the debtors have already paid the sum of $810 to their counsel, Schwartz & Sachs is hereby directed forthwith to remit the sum of $260 to the debtors.

SO ORDERED.