**In re Claude BOLTON, Debtor.**

**Bankruptcy No. 884–40392–18.**

United States Bankruptcy Court,
E.D. New York.

Oct. 15, 1984.

Norman Mendelson, Carle Place, N.Y., for debtor.

Philip Irwin Aaron, P.C., Jericho, N.Y., for Flushing Federal Sav.

Richard J. McCord, Glen Cove, N.Y., Trustee.

DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

The standing Chapter 13 trustee ("trustee") has moved pursuant to 11 U.S.C. § 329 for judicial review of the fees paid by Claude Bolton, a Chapter 13 debtor, to his attorney. The trustee seeks a declaration

of the reasonable value of the attorney's services consonant with an order requiring the return of all amounts paid by the debtor in excess of such value.

BACKGROUND

Debtor filed for relief under Chapter 13 of the Bankruptcy Reform Act of 1978 ("Code") on March 6, 1984. This filing was undertaken after two previous petitions had been dismissed.

Debtor's first petition had been filed on October 26, 1982. The case was assigned to Bankruptcy Judge Boris Radoyevich. Judge Radoyevich dismissed the petition on January 27, 1983, premised upon debtor's failure to appear at his confirmation hearing scheduled pursuant to 11 U.S.C. § 1324.

Debtor next filed for relief under Chapter 13 on March 22, 1983. The second case was again assigned to Judge Radoyevich and the debtor's plan was ultimately confirmed on May 26, 1983. On January 10, 1984, Flushing Federal Savings & Loan ("Flushing Federal"), the mortgagee on debtor's home, moved to vacate the automatic stay for debtor's failure to make post-petition payments. The motion was granted on the same date. On February 28, 1984 the debtor withdrew his petition. It is presumed that the withdrawal was actuated by Judge Radoyevich's prior vacatur of the stay.

Debtor filed his current Chapter 13 petition six days after the dismissal, again triggering the automatic stay under § 362(a). At the hearing on confirmation of debtor's plan, Flushing Federal moved to deny confirmation and sought dismissal or conversion of debtor's petition. Alternatively, Flushing Federal requested that it be granted relief from the automatic stay imposed under 11 U.S.C. § 362(a). Counsel for Flushing Federal recited as the factual basis for its motion that debtor was two months in arrears in its post-petition mortgage payments. Additionally, counsel contended that the current petition was not filed in good faith, having been preceded by the two previous petitions which were both dismissed. The court issued its decision on September 21, 1984 dismissing the petition on the ground that it was not filed in good faith as is required under 11 U.S.C. § 1325(a)(3).

Prior to the dismissal at the hearing conducted on July 26, 1984 on trustee's motion to determine the reasonableness of the compensation paid by the debtor to his counsel, counsel for the debtor testified that he received $1000.00 as compensation for services rendered in connection with the instant (third) petition. Transcript of July 26, 1984 ("Tr.") at 27. He further testified that he received $600.00 as fees in connection with the first petition filed and $400.00 in connection with the second petition filed. *Id.* at 25.

DISCUSSION

The authority of the Bankruptcy Court to review compensation is inherent and a traditional power of the court, essential to protect a debtor from overreaching by the debtor's attorney and to protect creditors. *In re Steeves*, 3 B.R. 334, 335, 1 C.B.C.2d 811, 812, 6 B.C.D. 215, 216 (Bkrtcy.D.R.I.1980) *citing* 2 Collier on Bankruptcy ¶ 329.01 (15th ed.1979).

Section 329 of the Code specifically authorizes the review of compensation paid by a debtor to his attorney:

Debtor's transactions with attorneys.

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the trustee, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11 or 13 of this title; or

(2) the entity that made such payment.

■ An attorney has the burden of proof to establish that any compensation he has received is reasonable. *In re Liberal Market, Inc.*, 24 B.R. 653, 9 B.C.D. 1216 (Bkrtcy.S.D.Ohio 1982); *In re Swartout*, 20 B.R. 102, 9 B.C.D. 313 (Bkrtcy.S.D.Ohio 1982); *In re Olen*, 15 B.R. 750, 5 C.B.C.2d 944, 8 B.C.D. 555 (Bkrtcy.E.D.Mich.1981) *citing Woods v. City National Bank and Trust Co. of Chicago*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941); *In re Urban Dev. Co.*, 2 B.C.D. 474 (S.D.Iowa 1976).

In *Swartout*, 20 B.R. at 105, 9 B.C.D. at 315, the court catalogued the relevant criteria for evaluating the reasonableness of the fees charged by the attorney for the debtor. The court stated that it would consider "the time, nature, the extent and the value of [the attorney's] services, and the cost of comparable services other than in a case under the [Code]." *See* 11 U.S.C. § 330(a)(1). Additionally, it would consider "*inter alia*, the necessity of the work performed, the novelty or unusual difficulty presented by a particular legal issue, the attorney's legal experience and the failure or success in accomplishing desired results on the debtor's behalf." (Citations omitted.)

At hearings conducted on June 26, 1984, held in connection with two other cases, debtor's attorney Norman Mendelson apprised the court that he had segregated the time sheets in the instant case with those compiled in connection with three other cases also before this court in which the issue of the reasonableness of his fees had also been raised, and that he had misplaced the file in his office and had been unable to locate it. Transcript of June 26, 1984 at 3, *In re Jackson*, Case No. 883–32271–18; Transcript of June 26, 1984 at 40, *In re June*, Case No. 883–32226–18.

After several adjournments were requested by and granted to Mendelson, a hearing was conducted on July 26, 1984 in the instant matter. Mendelson indicated that he was still unable to locate the time sheets reflecting the amount of time expended in connection with the case. Mendelson made no attempt to reconstruct the missing time records. Transcript of July 26, 1984 ("Tr.") at 36. When asked if he could tell the court the amount of time that was expended in representing the client, Mendelson responded, "I can't at the present moment, Judge." *Id.* at 35. He further stated that, "In the absence of [his] time sheets, [he was] at a loss to guess at what [time was] spent." *Id.* at 39.

Mendelson's inability to apprise the court of the time expended in connection with the debtor's case is especially troublesome in light of the facts underlying debtor's filing of his third petition.

Debtor's second petition was voluntarily withdrawn on February 28, 1984, after Judge Radoyevich granted Flushing Federal's motion to vacate the automatic stay. Debtor filed his third petition on March 6, 1984.

The short period of days between the dismissal of the second petition and the filing of the third petition would indicate that the factual background of the petitions did not vary significantly, if at all. Consequently, it is reasonable to conclude that the petition and schedules prepared in connection with the second case could have been submitted virtually unchanged in the debtor's third case. Moreover, Mendelson offered little evidence when asked to do so that there had been a significant change in the facts of the case justifying a substantial expenditure of time in the preparation of the third petition. Mendelson stated that the debtor obtained a job with the Ray Baren Bus Company "between the second and third petitions." *Id.* at 37, 38. However, he failed to demonstrate how this alleged change mandated significant work in revising the second petition.

The record indicates that Mendelson attempted to explain the third filing on the heels of the prior dismissal on the grounds set forth in *In re Johnson*, 708 F.2d 865 (2d Cir.1983) that a change in circumstances had occurred to justify the prior defaults and the second filing. Thus, Mendelson was aware that his client would have to meet this greater evidentiary burden to obtain confirmation of his plan. Although Mendelson does not explicitly take this position, it is arguable that the preparation for and conduct of a good faith hearing justified a higher charge. While the argument is palatable in the abstract, on closer scrutiny of the facts of the case, any such justification falls of its own weight.

In *In re Claude Bolton*, 43 B.R. 48 (Brktcy.E.D.N.Y.1984) this court dismissed the Bolton petition finding, *inter alia*, that the debtor had failed in his burden to demonstrate a "change in circumstances." A review of the decision and the record upon which it was based discloses that the offer of proof was entirely inadequate with respect to the alleged change in circumstances. Certainly, this inadequacy, directly traceable to Mendelson, supports the conclusion that either no legal work was dedicated to the issue or that if such work was performed, it was without worth.

Mendelson has completely failed to demonstrate, as is his burden, his entitlement to a fee in the instant case, either by reference to time spent, nature of services performed, value of such services, or success in accomplishing desired results. Under the *Swartout* criteria, Mendelson is entitled to no fee in connection with the third petition.

However, merely to state that Mendelson is entitled to no compensation ignores many of the grave implications of his course of conduct in connection with the instant case.

"The Court of Appeals for the Second Circuit has recently had occasion to remind both the bench and the bar that attorneys for debtors in bankruptcy proceedings are 'officers of the court and fiduciaries.'" *In re Mattocks*, 15 B.R. 379, 386, 5 C.B.C.2d 764, 775 (Bkrtcy.E.D.N.Y.1981) *citing In re Arlan's Dep't. Stores, Inc.*, 615 F.2d 925, 943 (2d Cir.1979); *In re Futuronics Corp.*, 24 C.B.C. 417, 655 F.2d 463 (2d Cir.1981). If an attorney fails to meet his fiduciary obligations then all fees received should be returned with interest. 15 B.R. at 386, 5 C.B.C.2d at 775; *accord* 615 F.2d at 943; *see In re Wilson*, 11 B.R. 986, 4 C.B.C.2d 1142, 7 B.C.D. 1050 (Bkrtcy.S.D.N.Y.1981).

Judge Schwartzberg, in *In re Rivera*, 6 B.R. 686, 689, 3 C.B.C. 57, 61, stated in similar vein:

It is axiomatic that an attorney owes a sacred duty to his client and to the court to perform his legal services with integrity and earnest consideration. If additionally, counsel performs his services in a professionally competent manner, both the court and the client are benefitted.

Bankruptcy Rule 9011(a), which requires an attorney of record to sign all pleadings, motions or other papers filed with the court, imposes, under penalty of sanction, the obligation to ascertain the correctness of all factual representations contained in the documents filed with the court. Moreover, the signature of an attorney constitutes a "certificate" that the paper was not filed "to harass, to cause delay, or to increase the cost of litigation." Rule 9011(a) provides:

SIGNING AND VERIFICATION OF PAPERS

(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowl-

edge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass (sic), to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

In *In re Whitten*, 11 B.R. 333, 4 C.B.C.2d 817, 7 B.C.D. 902 (Bkrtcy.D.D.C.1981) a debtor filed a Chapter 13 petition for the purpose of delaying the foreclosure of his mortgage until refinancing could be obtained. After voicing its displeasure with such an abuse of the bankruptcy laws, the court in *Whitten* gave notice to the bar that where it finds that the only purpose served by the filing of a Chapter 13 petition was to delay the prosecution by creditors of their rights it would not hesitate to impose sanctions.

In the instant case, debtor's petition is not a first filing but rather a third filing, clearly filed to reinstate the automatic stay of Section 362 thereby delaying the foreclosure. Notwithstanding counsel's attempted justification of the third filing by asserting that under *In re Johnson*, 708 F.2d at 865, such filing was authorized if justified by a "bona fide change in circumstances," the dictates of the *Whitten* decision are as applicable in the instant context. *See* this court's analysis of the doctrine set forth in *In re Claude Bolton*, 43 B.R. 48.

Under Bankruptcy Rule 9011, counsel is charged in the ordinary course with making a "reasonable inquiry" to confirm that facts set forth in papers he signs are "well grounded in fact." The filing of a second or third petition is well outside the ordinary course. The potential for creditor abuse and abuse of the bankruptcy court is manifest. Consequently, a reasonable inquiry in such context mandates a thorough review by the attorney of the factual underpinnings of his client's claim to be entitled to a second (or third) chance to avail himself of the benefits conferred under the bankruptcy laws. It is both improper and a breach of an attorney's fiduciary duty for him to sign debtor's petition, representing that debtor is "entitled to the benefits of Title 11" until such a thorough review is undertaken.

In the instant case, one factor relied upon by the debtor to justify the latter filing was that he had obtained a second job and would have available additional sums of money to enable him to fund a new plan. When asked by the court if he had taken any steps to substantiate the validity of debtor's assertion counsel replied: "I may have [looked at his pay stubs]. I don't know whether I did or I didn't." Tr. at 28. The equivocal nature of such response makes clear that counsel did not seriously undertake to properly discharge his duty.

In the course of the hearing, Mendelson further stated that the debtor's "circumstances changed [in] that he got a job with the bus company between the second and third petitions," Tr. at 37, thus fixing the time when the second job was obtained after the dismissal of the prior petition. The court's records indicate that there was only a one week gap between the prior dismissal and the subsequent filing. Substantial doubt exists as to whether the debtor obtained a pay stub (or a second job) at the time he met with Mendelson to discuss the third filing. Substantial doubt is raised as well as to the veracity of Mendelson's role in both the voluntary dismissal of the prior case after the stay in such case had been lifted and the decision to file a third petition.

This court finds that Mendelson failed to properly discharge his duties as an officer of this court. Moreover, there exists a substantial basis to conclude that Mendelson acted in concert with the debtor in abusing the bankruptcy process.

In resolution of the instant motion to determine the appropriate amount of compensation properly payable to Mendelson in connection with the instant petition, the court finds that Mendelson is entitled to no fee for such services. Accordingly, Mendelson is directed to return all sums received in connection with this case to the debtor within ten days from the date hereof.

The court declines to impose sanctions in the instant case. However, this decision shall constitute notice that in the future it will show no reluctance to impose sanctions for violations of the mandate of Rule 9011.

It is SO ORDERED.