### In re WENDY'S OF MONTANA, INC., Debtor.

**Bankruptcy No. 87–40011.**

United States Bankruptcy Court,
D. Montana.

March 30, 1988.

Joel E. Guthals, Billings, Mont., Harry Dixon and Jeff Wegner, Dixon, Dixon & Minahan, P.C., Omaha, Neb., for debtor.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

■ Hearing was held on March 15, 1988, on Final Application of the Debtor for compensation and reimbursement of its attorneys. This Court has previously grant-

ed fee awards for Debtor's counsel on two occasions, in the amount of $40,085.02 on September 28, 1987, and $17,015.25 on February 4, 1988. The $57,100.27 granted was based on two Applications which prayed for payment of $66,766.52 in total. The $9,666.25 which was not granted, was based on this Court's adoption of the "locality" rule as set forth in *In re R.C. Sanders Technology Systems, Inc.*, 21 B.R. 40 (Bankr.N.H.1982), and *In re Liberal Market*, 24 B.R. 653 (Bankr.S.D.Ohio 1982).[1] Pursuant to the "locality" rule, counsel for the Debtor is entitled to reasonable attorney fees based on the fees charged by local professionals.

As explained in *Liberal Market:*
"The burden of proof in all fee matters is on the applicant. (Citing cases).

\* \* \* \* \* \*

As professionals, all fee applicants are held to a high standard in the discharge of their duties. *Matter of Grant*, 14 B.R. 567, 3 C.B.C.2d 811 (Bankr.S.D.N.Y. 1981). The Bankruptcy Code, however, permits compensation competitive with other fields in order to attract bankruptcy specialists of high quality, thereby avoiding the 'bankruptcy haircut' resulting from the previous 'economy of administration' standard utilized under the Bankruptcy Act. 11 U.S.C. §§ 330(a)(1) and 503(b)(4); *In re Penn–Dixie Industries, Inc.*, 18 B.R. 834, 838–839, 8 B.C.D. 1134 (Bankr.S.D.N.Y.1982); *In re Perros*, 14 B.R. 515, 517 (Bankr.E.D.N.Y. 1981), and citation therein.

\* \* \* \* \* \*

Because of the considerable absence of a 'bargaining process' in the calculation of professional fees charged against a debtor's estate, the basic purpose of Court inquiry into professional fees is to inject quantum meruit concerns in order that the basic elements of the contractual bargaining process will be applicable to assist in regulating excessive claims. 11 U.S.C. §§ 328, 329 and 330. In a manner of speaking, it is the duty of the Court to insure that the debtor receives what was 'bargained for'.

\* \* \* \* \* \*

The threshold question in determining the allowability of fees should be whether the alleged services were actually provided and necessary. 11 U.S.C. §§ 330 and 503(b)(2); *Matter of Swartout*, [20 B.R. 102 (Bankr.S.D.Ohio 1982)], supra; *Matter of Olen*, [15 B.R. 750 (Bankr.E.D. Mich.1981)], supra. Once documented, 'actual and necessary expenses' are automatically reimbursable. 11 U.S.C. § 330(a)(2). Fees charged for services are further scrutinized, however, to ascertain their reasonableness 'based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title'. 11 U.S.C. § 330(a)(1). The Court may also consider the difficulty of the legal issues involved, the applicant's expertise, and the ultimate failure or success in accomplishing desired results on the Debtor's behalf. See this Court's opinion in *Matter of Swartout*, supra, at 105, and citation therein. It is significant to note that the Court is not bound by the employment arrangements agreed to by a creditors' committee, trustee, or debtor in possession in the exercise of employment powers under 11 U.S.C. §§ 1103, 327, or 1107, respectively. Instead, the Court may retrospectively 'rewrite' the terms of compensation if deemed 'improvident' as originally contracted. 11 U.S.C. § 328(a). The compensation requested by an attorney for the debtor (in a proceeding involving a Chapter 11 debtor in possession, the attorney who renders pre-petition services for debtor qua debtor) is further subject to Court inquiry into the connection of such services with the bankruptcy proceeding, exempting such services to the extent properly chargeable under 11 U.S.C. §§ 329 and 330 from the trustee's avoidance powers. *Matter of Swartout*, supra.

---

1. *Liberal Market*, supra, rightly rejected one portion of the *Sanders* case when it held that it "disagrees with the opinion \* \* \* to the extent that it allows fees only 'at the lower end of the spectrum of reasonableness' ". Id. at 657–58.

One issue which is, by definition, endemic to all fee applications is the proper hourly rate chargeable by professionals. This question has been the subject of considerable litigation. See discussions in *In re Erewhon, Inc.*, [21 B.R. 79 (Bankr.D.Mass.1982)] supra; *Matter of R.C. Sanders Technology Systems, Inc.*, [21 B.R. 40 (Bankr.D.N.H.1982)], supra; and *In re G.W.C. Financial & Insurance Services, Inc.*, 8 B.R. 122, 7 B.C.D. 109 (Bankr.C.D.Cal.1981).

\*　　\*　　\*　　\*　　\*　　\*

The basic litmus test for professional fees is the average rate charged by 'local' professionals for similar work. The practical concept of locality, however, may vary depending upon the volume and difficulty of the work involved in a particular case. In determining average attorney fees, the 'local bar' in an area of law necessitating both specialization and large volume work may bear only remote relation to the immediate geographic locality. Rather, if a case requires expert opinion, the fee for such service should be measured by the average charged by 'local experts', meaning those experts typically consulted for assistance in geographically local matters.

Traditionally the practice of corporate and commercial law, the essence of most Chapter 11 proceedings, has been compensated with highly competitive salaries above those chargeable by the average practitioner. Legal services in cases, such as the case at bar, involving complex corporate legal problems requiring a large time commitment, have commanded particularly high compensation to attract the services of exceptionally qualified attorneys. In light of the desire to attract highly qualified practitioners to the field of bankruptcy, the higher fees chargeable by attorneys in related fields should be accommodated accordingly. On the other hand, the Court is under a duty to restrain unnecessary escalation of fees by insuring their general reasonableness. An 'expert', therefore, should not be allowed top compensation for mundane tasks; nor should an expert be overcompensated merely because other experts are overcompensated.

As a general rule, this Court agrees with the determination in *Matter of R.C. Sanders Technology Systems, Inc.*, supra, at 43, that hourly rates in the $75.00 to $100.00 range for legal services in a corporate reorganization are generally reasonable, and comport with the average hourly rates charged by 'local' experts in related non-bankruptcy matters. 11 U.S.C. § 330(a)(1). This generality, however, is subject to the Court's consideration of the quality of the work and the expertise of the practitioner. Such determination is further subject to the Court's assessment of the quantum meruit value of the professional services charged. 11 U.S.C. §§ 328(a), 329(b) and 330(a)(1)." *Id.* at 657–660.

In this case, the Unsecured Creditors' Committee introduced testimony that $110.00 per hour was the maximum fee charged by local attorneys, so this Court adopted the $110.00 per hour as the maximum fee allowance in this case. The Debtor's counsel introduced testimony from a national bankruptcy expert that Chapter 11 cases, handled expeditiously and with success, justified fee awards of $250.00 to $400.00 per hour. Mr. Harry Dixon, lead attorney for the Debtor, bills his time at $175.00, but this Court has allowed him the amount of $110.00 per hour. The $65.00 per hour difference has accounted for the majority of the $9,666.25 which has not been allowed by this Court.

██ On the Debtor's first and second Fee Applications, this Court did not allow the full amounts based strictly on the "locality" rule.[2] In this case, the Court finds

---

**2.** The Court notes that Fee Applications may be intricately scrutinized with regard to any matter. *See, In re S.T.N. Enterprises, Inc.*, 70 B.R. 823 (Bankr.Vt.1987); *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr.W.D.Okla.1986); and *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557 (Bankr.

Utah 1985). And that fees for repetitive work or travel time may be reduced, eliminated or paid in full. *See, S.T.N.*, supra; *Seneca Oil*, supra; *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.Colo.1987); and *In re Hans B. Cantrup*, 53 B.R. 104 (Bankr.Colo.1985).

that all of the services provided by counsel for the Debtor were reasonable and necessary. Accordingly, fees on the Debtor's Application are set at $4,360.00, arrived at as follows:

| | | | | | |
|---|---|---|---|---|---|
| Harry D. Dixon, Jr. | – | 19.40 hours | @ | $110.00 = | $2,134.00 |
| Jeffrey T. Wegner | – | 21.70 hours | @ | 75.00 = | 1,627.50 |
| Michael J. Pankow | – | 1.20 hours | @ | 45.00 = | 54.00 |
| Janice E. Warm | – | 12.10 hours | @ | 45.00 = | 544.50 |
| | | | | | $4,360.00 |

The amount of $2,299.27 for costs advanced is a reasonable amount and is granted in full. Therefore, a total of $6,659.27 is awarded to the firm of Dixon & Dixon, P.C.

At trial, testimony regarding the complexities and difficulties of this case was presented to the Court. Several local attorneys testified that this case was handled with great expertise by the firm of Dixon & Dixon, P.C., and that it was a case which was too complex for local counsel. This Court realizes that this case was regional in scope and size and, therefore, the criteria set out in *In re Yermakov*, 718 F.2d 1465 (9th Cir.1983), may be applicable when awarding fees. This Court, however, still adopts the "locality" rationale of *Liberal Market*, supra, but in this case believes that the firm of Dixon & Dixon, P.C., represented the Debtor extremely well in a difficult reorganization case. Therefore, Debtor's counsel is awarded a bonus fee of $10,000.00 based on the difficulty, complexity and relatively quick and successful completion of this Chapter 11 reorganization case.

IT IS ORDERED:

(1) That the firm of Dixon & Dixon, P.C. is awarded $16,659.27, as final compensation for attorneys' fees and costs advanced, which is entitled to priority payment pursuant to 11 U.S.C. § 503(b)(1)(A) and 507(a)(1).