**In re Cynthia HARTLEY, Debtor.**

**Bankruptcy No. 95–72907.**

United States Bankruptcy Court,
D. South Carolina.

July 24, 1995.

D. Randolph Whitt, Columbia, SC, for Rousseau Mortgage Corp.

Robert Kenneth King, West Columbia, SC, for Debtor.

*ORDER ON MOTION TO DISMISS FILED BY ROUSSEAU MORTGAGE CORPORATION*

JOHN E. WAITES, Bankruptcy Judge.

This matter comes before the Court upon a motion filed on June 28, 1995 by Rousseau Mortgage Corp. ("Rousseau") seeking the dismissal of the above-captioned bankruptcy case with prejudice. A Motion for Expedited Hearing was filed on July 7, 1995. The

motion was granted and a hearing was held on July 17, 1995. The Chapter 13 Trustee did not file an objection to the motion to dismiss, but appeared at the hearing and questioned the Debtor. The Debtor filed a timely objection, appeared and testified at the hearing.

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 157 and 11 U.S.C. §§ 1307. The underlying facts of this case are undisputed by the Debtor. The Debtor filed her Petition for Relief under Chapter 13 of the Bankruptcy Code on June 2, 1995. Rousseau is the holder of a first mortgage on the property at 401 Stamford Bridge, Columbia, South Carolina as a result of a note and mortgage executed on January 31, 1984 and subsequently assumed by the Debtor and her husband, James R. Hartley, on January 31, 1992.

James R. Hartley has had two previous Chapter 13 petitions dismissed. The first filing was made in 1993, bankruptcy case number 93–71335 and was dismissed on September 15, 1993. The second filing was made on December 16, 1993, the foreclosure action was initiated by Rousseau on December 13, 1993. An Order of Dismissal with prejudice for a period of one hundred eighty (180) days was filed on December 21, 1994 as to the Co–Debtor's second Chapter 13 case. After the dismissal of the James R. Hartley's second Chapter 13 case, a Motion to Reinstate Case was filed. The Motion was withdrawn after Rousseau filed their Objection. Rousseau's civil action was restored and a foreclosure sale was scheduled for June 5, 1995. The Debtor filed the present Chapter 13 case on June 2, 1995, before the bar to refiling by her husband expired.

Rousseau asserts that the Debtor's Chapter 13 case should be dismissed for cause, pursuant to 11 U.S.C. § 1307(c). The specific cause identified by Rousseau is the Debtor's "bad faith", including the dual filings by the Debtor's husband. Section 1307(c) contains a list of factors which support dismissal of a Chapter 13 case for cause. However, this list is not exhaustive and the Debtor's bad faith constitutes sufficient cause to dismiss a Chapter 13 case. *Matter of Love*, 957 F.2d 1350 (7th Cir.1992); *In re McElveen*, 78 B.R. 1005 (Bkrtcy.D.S.C.1987).

The previous filings by James R. Hartley, the Debtor's husband, and the present filing of the Debtor should be viewed as filings by a single entity. *In re Black*, No. 91–03845 (Bkrtcy.D.S.C.1991). James R. Hartley's second filing had been dismissed with prejudice from filing another case within one-hundred eighty (180) days. Both Mr. Hartley and the Debtor enjoyed the benefits of the bankruptcy cases and the cases were filed to protect a common asset.

Upon concluding that Mrs. Hartley's case will be treated as a serial filing, the burden shifts to the Debtor to show a substantial change of circumstances since the prior dismissal and that the current case is filed in good faith. *In re Pryor*, 54 B.R. 679 (Bkrtcy.D.S.C.1985). The circumstances which the Debtor asserts are a substantial change in circumstances include the fact that she will now take responsibility for making the monthly mortgage payment. However, the Debtor has always had a contractual obligation to insure these payments were made. The recognition of this obligation now cannot constitute a substantial change in circumstances.

The facts of the instant case clearly support a finding that the Debtor's petition was filed in bad faith. The most telling factor is the timing of the filing of the Debtor's petition in this case and her husband's previous cases. From this pattern of filings the Debtor can reasonably have been inferred to have been seeking primarily to frustrate Rousseau's effort to complete its foreclosure sale. Additionally, James R. Hartley filed a Motion to Reinstate his second case, but withdrew the motion after Rousseau filed their objection.

The Debtor must prove by detailed testimony and convincing evidence an entitlement to a second or third opportunity for relief under the bankruptcy code. *In re Pryor*, 54 B.R. 679 (Bkrtcy.D.S.C.1985). In the instant case, the Debtor has failed to meet this burden of proof. Therefore, the motion to dismiss is granted.

Therefore, it is hereby ORDERED that:

(1) The Debtor's petition be dismissed with prejudice from filing any proceeding under any title of the Bankruptcy Code in any division of this district for a period of 180 days.

(2) Any fees due to the clerk of court pursuant to 28 U.S.C. § 1930 and the appendix thereto shall be paid within ten (10) days of the entry of this order unless ordered by the court. The Debtor shall not submit for filing another petition for relief under Bankruptcy Code (11 U.S.C. 101 *et. seq.*) until after the expiration of 180 days from the entry of this order and so long as any fees remain unpaid.