**In re Evonne HEATH, Debtor.**

**Civ. A. No. 95–72915.**

United States Bankruptcy Court,
D. South Carolina.

Oct. 3, 1995.

---

Lillie R. Davis, Columbia, SC, for Debtor.

D. Randolph Whitt, Columbia, SC, for Am-South Mortgage Co., Inc.

### ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the court upon the Motion to Dismiss with prejudice for a period of 180 days filed by AmSouth Mortgage Company, Inc. ("AmSouth") on June 22, 1995. At the hearing on the motion on July 31, 1995, the Court orally denied the motion with leave to supplement its oral ruling.[1]

Based upon the evidence and testimony presented along with arguments of counsel, the Court supplements its oral ruling announced at the hearing with the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

On October 5, 1993, the Debtor's husband, Thomas Jefferson Heath ("Mr. Heath"), filed a Chapter 13 petition with this Court, case number 93-74891. Mr. Heath's Chapter 13, which is still pending before the Court, was filed individually and not as a joint petition with Evonne Heath, the current Debtor and Mr. Heath's ex-wife ("Mrs. Heath"). In Mr. Heath's Chapter 13, AmSouth filed a Motion for Relief from the Automatic Stay on February 1, 1994 regarding real property listed as 1751 Drexel Lake Drive, Columbia, South Carolina ("house" or "marital home"). The

motion was settled by the parties in a consent order filed with the court on April 8, 1994. Mr. Heath failed to comply with the terms of the agreement and pursuant to provisions of the consent order, the Automatic Stay was lifted by this Court on May 9, 1994. After some delay, AmSouth began foreclosure proceedings and the property was eventually scheduled for a foreclosure sale on June 5, 1995.

Prior to Mr. Heath's Chapter 13 filing, Mr. and Mrs. Heath separated and had obtained a divorce in Family Court after twenty-nine years of marriage. The divorce became final on September 2, 1993, and pursuant to the terms of the final divorce decree, Mrs. Heath was awarded the full interest in the marital home and Mr. Heath was ordered to deed the house to Mrs. Heath. Mr. Heath failed to comply with the requirements of the divorce decree concerning alimony and child support and further failed to deed the house to Mrs. Heath until June 1, 1995, four days before the foreclosure sale.[2] The next day, June 2, 1995, Mrs. Heath recorded the deed and then filed her own Chapter 13 petition to stay the foreclosure of the residence.

Mrs. Heath has stated in her schedules and statements that the value of the house is $97,000.00. AmSouth does not dispute this value. Mrs. Heath has also listed $66,460.00 in secured debt; $61,000.00 being the first and second mortgages on the house.[3] Mrs. Heath's projects total monthly income at $1,242.84 and total monthly expenses of $806.18, leaving $436.66 excess income, $350.00 of which would be used to support her Chapter 13 Plan.[4] Mrs. Heath also supports a fifteen year old daughter.

---

1. The attorney for the Debtor was given ten (10) days from the July 31, 1995 hearing to submit proposed findings of fact and conclusions of law in the form of a proposed order. After this Court was forced to issue a Rule to Show Cause against the Debtor and the Debtor's attorney as to why they should not be held in contempt of court for failing to timely provide the proposed findings and conclusions, a proposed order was presented to the Court at the hearing on the Rule on September 25, 1995.

2. The record reflects that upon Mrs. Heath's request, Mr. Heath has been held in contempt by the Family Court for his failure to comply with

the divorce decree and is or has been subject to incarceration for such contempt.

3. The first mortgage in the approximate amount of $33,000.00 is held by the movant AmSouth and the second mortgage in the approximate amount of $28,000.00 is held by Household Finance.

4. On August 4, 1995, this Court confirmed the Mrs. Heath's Chapter 13 Plan. According to the Plan, the Mrs. Heath will bring current the arrears owed to AmSouth in the approximate amount of $9,725.00.

## CONCLUSIONS OF LAW

AmSouth filed the within Motion to Dismiss pursuant to 11 U.S.C. § 1307 [5] alleging that the Mr. and Mrs. Heath's separate Chapter 13 cases should be deemed to be a serial filing by a single entity and therefore this case should be dismissed for lack of good faith. AmSouth also takes the position that the transfer of the residence from Mr. Heath to Mrs. Heath on the eve of foreclosure and her immediate filing of a Chapter 13 petition to protect that asset constitutes "bad faith" causing a dismissal of the within Chapter 13 petition.

AmSouth relies upon this Court's previous ruling in *In re Hartley*, 187 B.R. 506 (Bankr. D.S.C. 1995) (JW). In *Hartley*, this Court concluded that two previous filings by a debtor's husband and the current debtor's petition would be viewed as filings by a single entity. However, in *Hartley*, the debtor and the debtor's husband remained married and resided in the marital home and therefore were in a position to coordinate their efforts to protect a common asset. *In re Hartley*, at 507. To the contrary, in the instant case the evidence indicates that Mr. and Mrs. Heath did not reside together in the marital home, cooperate or even communicate towards a common goal and, in fact, Mr. Heath acted as if their interests were at odds. Not only did Mr. Heath fail to deed the property to Mrs. Heath in accordance with the final divorce decree in a timely manner with the result being that Mrs. Heath did not possess the title interest which could be protected by the filing of bankruptcy, but he also failed to pay the mortgage payments and provide alimony and support for Mrs. Heath and her fifteen year old daughter. Mrs. Heath was forced to ultimately seek enforcement of the divorce decree through the Family Court.

This Court has previously stated that "[i]t is the debtor's burden to 'prove with detailed testimony and convincing evidence his entitlement to a second (or third) opportunity'." *In re Pryor*, 54 B.R. 679 (Bankr.D.S.C. 1985). It is clear to this Court that this is the first effective opportunity that Mrs. Heath has had at reorganization and that Mr. and Mrs. Heath's Chapter 13 cases should not be deemed serial filings by a single entity. The evidence presented does not lead this Court to believe that Mr. Heath and Mrs. Heath are acting in concert in any manner or that Mrs. Heath is acting in bad faith in seeking the protection of the bankruptcy code. Mrs. Heath received the title to the house on the eve of foreclosure and it appears that, given the time constraints, the filing of bankruptcy by this Debtor was the only way she could save her *substantial* equity in the property, which AmSouth does not dispute is approximately $36,000.00 above both mortgages and approximately $60,000.00 above the balance due AmSouth. The Court notes that since the hearing on this Motion, the Debtor has made a good faith effort to reorganize her finances as evidenced by this Court's confirmation of her Chapter 13 Plan. For the reasons stated within, it is therefore,

**ORDERED**, that the Motion to Dismiss is denied.

**AND IT IS SO ORDERED.**

---

**5.** Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*, shall be by section number only.